■ The People of the State of New York, Respondent, v Joanne Becoats, Appellant. — Judgment unanimously affirmed. Memorandum: In this appeal defendant attacks both her plea of guilty to criminal possession of stolen property, second degree, and her conviction after trial of escape, second degree, arising from an incident occurring while she was released on her own recognizance after her guilty plea and before sentencing. Defendant argues that on her trial for escape, second degree, the court erred in denying the defense request for a jury charge of resisting arrest as a lesser included offense. There is no merit to this argument. A person commits escape in the second degree when, "[h]aving been arrested for, charged with or convicted of a felony, he escapes from custody" (Penal Law, § 205.10, subd 2). Custody is defined as "restraint by a public servant pursuant to an authorized arrest or an order of a court" (Penal Law, § 205.00, subd 2). A person is guilty of resisting arrest "when he intentionally prevents or attempts to prevent a * * * peace officer from effecting an authorized arrest of himself or another person" (Penal Law, § 205.30). Resisting arrest involves conduct occurring at the time of the arrest itself; escape involves conduct occurring subsequent to the arrest, when the person has already been taken into custody. The element of "intentionally prevent[ing] or attempt[ing] to prevent a * * * peace officer from effect[ing] an authorized arrest" (Penal Law, § 205.30) need not be established in order to prove guilt of escape, second degree. Thus, one may commit escape without resisting arrest, and resisting arrest is therefore not a lesser included offense of escape, second degree (see *People v Johnson,* 39 NY2d 364, 367; CPL 1.20, subd 37). We reject defendant's argument that her guilty plea was erroneously accepted because the trial court did not inquire sufficiently into the factual basis therefor. How much a defendant should be questioned and on what issues before a plea may be accepted is a matter of discretion for the court depending

upon the circumstances of the case (see *People v Nixon,* 21 NY2d 338, 353-355, cert den *sub nom. Robinson v New York,* 393 US 1067; *People v Jones,* 81 AD2d 22, 48). Before accepting the plea, the court questioned defendant in detail. Here, unlike cases such as *Poeple v Serrano* (15 NY2d 304) and *People v Nenni* (70 AD2d 774), relied upon by defendant, defendant made no statements suggesting a possibly exculpatory view of the incident or one different from that presented by the People. We note also that where, as here, the plea is a result of a bargain, "a factual basis for the particular crime confessed" is not necessary (see *People v Clairborne,* 29 NY2d 950, 951). There was nothing in the record to suggest that the plea was unfair or inappropriate (see *People v Francis,* 38 NY2d 150), and the court did not abuse its discretion in accepting the plea. With respect to defendant's claim that the court should have held a hearing on her motion for permission to withdraw the plea, the record shows that the court agreed to hold a hearing and set a date of October 12, 1976. No hearing ever took place and there is no further mention of it in the minutes. We can only conclude that defendant abandoned this request. (Appeal from judgment of Monroe County Court, Mark, J. — escape, second degree.) Present — Simons, J. P., Hancock, Jr., Callahan, Denman and Moule, JJ.