■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL CAFFEY, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: In the course of executing an arrest warrant, a police officer approached defendant and told him he was under arrest. As the officer grabbed for defendant, they both fell forward. Defendant avoided the officer's grasp and fled from the area. These facts do not support a conviction for escape in the second degree. A person commits escape in the second degree when "[h]aving been arrested for, charged with or convicted of a class C, class D or class E felony, he escapes from custody" (Penal Law § 205.10 [2]). Custody is defined as "restraint by a public servant pursuant to an authorized arrest or an order of a court" (Penal Law § 205.00 [2]). In *People v Becoats* (88 AD2d 766) we held that escape involves conduct occurring *after* a person has been arrested and taken into custody and that the crime of resisting arrest (Penal Law § 205.30) involves conduct occurring at the time of the arrest itself. Defendant's conduct in avoiding the officer's grasp occurred at the time of arrest and defendant was not sufficiently restrained to have been in custody. The conviction for escape in the second degree is reversed, and the sentence imposed thereon is vacated.

A victim of the burglary testified that a small red bank had been broken and the lid removed from a glass jar and that money had been taken from each item. Police took these items and obtained a fingerprint from each which matched those of defendant. Both the victim and an investigating officer described the damage done to a screen window in order to effect entry. This evidence, although circumstantial in nature, was nevertheless legally sufficient to support defendant's conviction for burglary in the second degree, petit larceny, and criminal mischief in the fourth degree *(see, People v Betancourt,* 111 AD2d 762, *affd* 68 NY2d 707; *People v Talley,* 110 AD2d 792).

We have considered defendant's remaining contention and find that it lacks merit *(see, People v Kepple,* 98 AD2d 783; *People v Buyce,* 97 AD2d 632). (Appeal from judgment of

Niagara County Court, DiFlorio, J.—burglary, second degree, and other offenses.) Present—Callahan, J. P., Denman, Boomer, Green and Balio, JJ.