OPINION OF THE COURT
Patricia D. Marks, J.
This is a decision on a unique issue of law on the question of whether or not a defendant is deemed to be "in custody” for the purpose of escape charges when he is in the courtroom, sentence is pronounced by the court, and a commitment order is signed by the court.
The facts at trial are as follows and stated in the sequence in which they occurred: On November 27, 1995 the defendant appeared in Monroe County Supreme Court for sentencing on *890 charges of attempted arson in the third degree. During sentencing the court directed that the defendant serve 30 days in the Monroe County Jail. The court signed a securing order reflecting the imposed sentence. As the court did so Deputy Paul Hebert positioned himself between the defendant and the door to the courtroom. As the defendant finished signing a waiver of the reading of conditions of probation, the Deputy asked the defendant to come with him. The defendant then turned and ran out of the courtroom. As the Deputy tried to stop him, the defendant collided with Deputy Hebert who sustained physical injury. Deputies pursued the defendant through the hall and observed the defendant jump through a glass window. The defendant was pursued down the hall outside a Judge’s chambers where he was subdued and handcuffed by other Deputies.
The law defines escape in the second degree as "A person is guilty of escape in the second degree when * * * having been arrested for, charged with or convicted of a * * * class D felony he escapes from custody” (Penal Law § 205.10 [2]). "Custody” is defined as "restraint by a public servant pursuant to an * * * order of a court” (Penal Law § 205.00 [2]). There is little guidance as to what constitutes restraint under this subdivision. Escape has been held to apply to "conduct occurring after a person has been arrested and taken into custody” (People v Caffey, 134 AD2d 923 [4th Dept 1987]). No appellate court has addressed the situation in the context of a court-announced sentence after signing a securing order committing the defendant to the custody of the Sheriff.
The law defines "commit to the custody of the sheriff’ as "a Court commits a principal to custody of the sheriff when, having acquired control over his person, it orders that he be confined in the custody of the sheriff’ (CPL 500.10 [4]). This definition suggests that the control that the court has over the person would be equivalent to the restraint required to constitute custody within the meaning of the escape charge. Therefore the court finds on these facts that the motion to dismiss should be denied.