■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYDELL YANCEY, Appellant. [714 NYS2d 660] —Judgment, Supreme Court, New York County (Micki Scherer, J.), rendered on or about September 9, 1998, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. (*See, Anders v California*, 386 US 738; *People v Saunders*, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Williams, J. P., Mazzarelli, Rubin, Buckley and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN CHANCY, Appellant. [714 NYS2d 664] —Judgment, Supreme Court, New York County (Charles Solomon, J., on severance motion; Micki Scherer, J., at jury trial and sentence), rendered November 7, 1996, convicting defendant of four counts of robbery in the first degree and four counts of robbery in the second degree, and sentencing him to four concurrent terms of 8½ to 17 years concurrent with four concurrent terms of 5 to 15 years, unanimously affirmed.

Defendant's severance motion was properly denied. The four robberies involved a sufficiently unique modus operandi so that the evidence of each was admissible as to the others. Therefore, these counts were properly joined pursuant to CPL 200.20 (2) (b) (*see, People v Matthews*, 175 AD2d 24, *affd* 79 NY2d 1010), and discretionary severance was not available. In any event, the counts were also properly joined as legally similar pursuant to CPL 200.20 (2) (c), and defendant failed to make a sufficient showing for a discretionary severance pursuant to CPL 200.20 (3).

We perceive no abuse of sentencing discretion. Concur—Williams, J. P., Mazzarelli, Rubin, Buckley and Friedman, JJ.