■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE LEE, Appellant. [714 NYS2d 177] —Judgment unani-

mously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant appeals from a judgment convicting him of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [ii]), resisting arrest (Penal Law § 205.30) and escape in the third degree (Penal Law § 205.05). Defendant contends that there is no evidence that he was intoxicated and thus that the conviction of driving while intoxicated is not supported by legally sufficient evidence. We disagree. The evidence, viewed in the light most favorable to the People, establishes that defendant was driving a pickup truck with headlights off at 2:00 A.M. on March 24, 1998. When a police officer attempted to pull him over, defendant sped away and turned onto several streets without signaling, eventually losing control of his vehicle and crashing into a tree. Defendant exited the vehicle and ran, despite orders by the police officer to stop. When the officer apprehended defendant, the officer could detect the strong odor of an alcoholic beverage. In addition, defendant's eyes were watery and bloodshot. The officer told defendant that he was under arrest and started to place handcuffs on him. Defendant continued to struggle and again ran away. The officer caught up to him two more times, but defendant eventually pushed the officer into an empty in-ground swimming pool and fled. We conclude that there is a valid line of reasoning and permissible inferences to lead a rational person to the conclusion that defendant was intoxicated, and the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495).

Defendant also contends that there is no evidence that he was in custody and thus that the conviction of escape in the third degree is not supported by legally sufficient evidence. We agree. A person is guilty of escape in the third degree "when he escapes from custody" (Penal Law § 205.05). "Custody" is defined as "restraint by a public servant pursuant to an authorized arrest" (Penal Law § 205.00 [2]). The evidence establishes that the officer attempted to arrest defendant and take him into custody, but was unsuccessful. Under these circumstances, defendant was not in custody (*see, People v Caffey,* 134 AD2d 923, *lv denied* 70 NY2d 930). We therefore modify the judgment by reversing that conviction, vacating the sentence imposed thereon and dismissing count three of the indictment.

County Court's *Sandoval* ruling does not constitute an abuse of discretion. The court allowed the prosecutor to cross-examine defendant with respect to a prior conviction of resisting arrest, but would not allow inquiry into the underlying facts of that

conviction. Questioning on other crimes is not precluded simply because those crimes are similar to the ones charged (*see, People v Pavao,* 59 NY2d 282, 292; *People v Hutchinson [John],* 255 AD2d 396; *People v Castaldi,* 209 AD2d 961, *lv dismissed* 84 NY2d 1029). Finally, the court did not err in denying defendant's motion to sever the charge of driving while intoxicated from the charges of resisting arrest and escape. Those offenses were part of a single continuing incident and were thus properly joinable pursuant to CPL 200.20 (2) (a) (*see, People v Boyd,* 272 AD2d 898). In addition, the offenses were properly joinable under CPL 200.20 (2) (b) based on the overlap of evidence concerning them (*see, People v Alston,* 264 AD2d 685, *lv denied* 94 NY2d 876). Because the offenses were properly joinable under CPL 200.20 (2) (a) or (b), discretionary severance was not available (*see,* CPL 200.20 [3]; *People v Lane,* 56 NY2d 1, 7; *People v Chancy,* 271 AD2d 355). (Appeal from Judgment of Wayne County Court, Sirkin, J.—Felony Driving While Intoxicated.) Present—Green, J. P., Hayes, Hurlbutt, Balio and Lawton, JJ.