People v Council (2018 NY Slip Op 04163)





People v Council


2018 NY Slip Op 04163


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, LINDLEY, AND WINSLOW, JJ.


618 KA 14-00239

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SEDRICK D. COUNCIL, DEFENDANT-APPELLANT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (JOSEPH PLUKAS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered October 10, 2013. The judgment convicted defendant, upon a jury verdict, of assault in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by directing that all of the sentences shall run concurrently and as modified the judgment is affirmed.
Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of assault in the first degree (Penal Law § 120.10 [1]), criminal possession of a weapon in the second degree (§ 265.03 [3]), and criminal possession of a weapon in the third degree (§ 265.02 [1]), defendant contends that the evidence is legally insufficient to establish his identity as the perpetrator of the assault or his possession of the firearm. By failing to make a motion to dismiss that was " specifically directed' " at those alleged deficiencies in the proof (People v Gray, 86 NY2d 10, 19 [1995]), defendant failed to preserve for our review his challenges to the legal sufficiency of the evidence (see People v Bausano, 122 AD3d 1341, 1341-1342 [4th Dept 2014], lv denied 25 NY3d 1069 [2015]).
We conclude that, when viewed in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The victim testified that he saw defendant's face under the light of a nearby street light when defendant shot him, and that defendant was someone who he knew from the neighborhood. Further, during the execution of a search warrant at defendant's residence about two weeks after the victim was shot, the police found a loaded .22 caliber sawed-off rifle under a mattress with mail that was addressed to defendant. Thereafter, the victim identified the recovered rifle as the same firearm that defendant used to shoot him. The jury had an opportunity to see and hear the victim's testimony, and " [g]reat deference is accorded to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor' " (People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; see People v Gay, 105 AD3d 1427, 1428 [4th Dept 2013]).
We reject defendant's further contention that County Court erred in denying his motion to sever the assault count from the weapons possession counts. "Two offenses, even though based on different criminal transactions, may be joined in the same indictment when [s]uch offenses, or the criminal transactions underlying them, are of such nature that either proof of the first offense would be material and admissible as evidence[-]in[-]chief upon a trial of the second, or proof of the second would be material and admissible as evidence in chief upon a trial of the first' " (People v Gadsen, 139 AD2d 925, 925 [4th Dept 1988], quoting CPL 200.20 [2] [b]). Inasmuch as the assault count and the weapons counts charged in the indictment are joinable [*2]under CPL 200.20 (2) (b), the court lacked discretion to sever them (see CPL 200.20 [3]; People v Lee, 275 AD2d 995, 997 [4th Dept 2000], lv denied 95 NY2d 966 [2000]). Thus, the court properly denied defendant's pretrial motion for severance and his posttrial motion to set aside the verdict pursuant to CPL 330.30 (1) based on the denial of the prior motion for severance.
Finally, we agree with defendant that the sentence imposed is unduly harsh and severe. We therefore modify the judgment as a matter of discretion in the interest of justice by directing that all of the sentences shall run concurrently.
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court