838 P.2d 1351

**STATE of Arizona, Appellant,**

v.

**Alan Walter COLE, Appellee.**

**No. 1 CA–CR 91–529.**

Court of Appeals of Arizona,
Division 1, Department D.

May 28, 1992.
Review Denied Nov. 3, 1992.

Richard M. Romley, Maricopa County Atty. by Gerald R. Grant, Deputy County Atty., Phoenix, for appellant.

Dean W. Trebesch, Maricopa County Public Defender by Helene F. Abrams, Deputy Public Defender, Phoenix, for appellee.

## OPINION

EHRLICH, Judge.

The State of Arizona appeals from the trial court's order dismissing with prejudice the charge of escape in the first degree against Alan Walter Cole ("defendant"). We reverse the judgment.

## FACTS AND PROCEDURAL HISTORY

The vehicle in which the defendant was a passenger was stopped by police because of an expired temporary registration. In checking the defendant's identification, the officer discovered that the defendant had an outstanding probation violation warrant. The officer verified the defendant's identity and advised the defendant that he was under arrest. The defendant was sitting in the passenger's seat of the car with both feet outside. The officer clutched the defendant's right arm with both of her hands; the defendant stood up and stated that the warrant was not for him whereupon a second officer clutched his left arm. The defendant began waving his arms and physically dragged the two officers approximately 25 feet. The officers then grabbed the defendant's shirt, but it tore and he fled. The defendant later was apprehended and charged with one count of escape in the first degree, a class 4 felony.

The defendant moved to dismiss the charge. Relying on *State v. Sanchez*, 145 Ariz. 313, 701 P.2d 571 (1985), he argued that because he did not submit to the custody of the officers and they did not have physical control over him as proven by his escape, his flight did not amount to the criminal offense of escape. The court granted the motion, explaining that "the Defendant was not under arrest 'by an

actual restraint of the person ... or by his submission to the custody of the person making the arrest' as required in A.R.S. 13–3881 and *Sanchez*." The state appealed.

On appeal, the state asserts that the statutory definition of "custody," as the term is used in the escape statute, only requires a showing that the person making the arrest placed some physical restraint, not necessarily complete physical control, on an arrestee. It contends that *Sanchez* is factually distinguishable.

## DISCUSSION

◼ "A person commits escape in the first degree by knowingly escaping or attempting to escape from *custody* ... by: (1) Using or threatening the use of physical force against another person." A.R.S. § 13–2504(A) (emphasis added). "Custody" is defined as "the imposition of actual or constructive restraint pursuant to an on site *arrest....*" A.R.S. § 13–2501(3) (emphasis added). "[A]n arrest is made by an actual restraint of the person to be arrested, or by his submission to the custody of the person making the arrest." A.R.S. § 13–3881(A). In determining whether an arrest occurred, we consider the surrounding circumstances and decide whether a reasonable person in the defendant's position would have thought that he was being arrested. *State v. Waicelunas*, 138 Ariz. 16, 18, 672 P.2d 968, 970 (App.1983). A significant consideration is the extent to which a person's "freedom of movement is curtailed and the degree and manner of force used." *Id.* at 19, 672 P.2d at 971.

In *Sanchez*, the police officer was pursuing the defendant around an automobile. 145 Ariz. at 314, 701 P.2d at 572. The officer, who was ten to fifteen feet from the defendant, told the defendant that he was under arrest, but the defendant fled. *Id.* The defendant eventually was captured and charged with escape in the third degree. *Id.*[1] In considering whether the

---

1. At the time of the defendant's arrest, a person was guilty of escape in the third degree "if, having been arrested for, charged with or found guilty of a misdemeanor or petty offense, such

**592**

defendant committed escape, the supreme court concluded that a person must be under arrest either by actual restraint or having submitted to the custody of the person making the arrest before he can escape. *Id.* at 315, 701 P.2d at 573. The court thereby eliminated "constructive restraint pursuant to an on-site arrest" as a method of establishing custody for purposes of escape. *Id.*; A.R.S. § 13–2501(3). Applying that standard, the court found that the defendant was not under arrest because he was neither under the officer's actual physical restraint nor had he submitted to the officer's authority; accordingly, he could not have committed the offense of escape. *Sanchez*, 145 Ariz. at 315, 701 P.2d at 573.

 The record in the present case, however, shows that the defendant escaped from actual restraint by using physical force against the officers. Initially, the defendant was verbally informed by the first officer that he was under arrest. Subsequently, both officers physically restrained the defendant, if only temporarily, by clutching his arms and then his shirt. We find that the defendant was under arrest and that he used physical force to break away and flee. *Cf. State v. Harney*, 128 Ariz. 355, 356, 625 P.2d 944, 945 (App. 1981) (defendant not under arrest because officer did not actually restrain the defendant). Therefore, the defendant was properly charged with escape in the first degree and the trial court erred in dismissing the charge.

The order dismissing the charge of escape in the first degree with prejudice is reversed. This matter is remanded for reinstatement of the charge.

TAYLOR, P.J., and GERBER, J., concur.

person knowingly escapes from *custody*." For- mer A.R.S. § 13–2502(A) (emphasis added).