SUPREME COURT OF ARIZONA
En Banc

| | | |
|---|---|---|
| STATE OF ARIZONA, | ) | Arizona Supreme Court |
| | ) | No.  CR-04-0234-PR |
| Appellee, | ) | |
| | ) | Court of Appeals |
| | ) | Division Two |
| v. | ) | No.  2 CA-CR 03-0112 |
| | ) | |
| | ) | Cochise County |
| SUDDEN RIO STROUD, | ) | Superior Court |
| | ) | No.  CR200200498 |
| Appellant. | ) | |
| | ) | **O P I N I O N** |

Appeal from the Superior Court in Cochise County
The Honorable Charles A. Irwin, Judge

**CONVICTION REINSTATED; REMANDED**

Opinion of the Court of Appeals, Division Two
207 Ariz. 476, 88 P.3d 190 (App. 2004)

**VACATED**

TERRY GODDARD, ARIZONA ATTORNEY GENERAL                    Phoenix, AZ
     by   Randall M. Howe, Chief Counsel,
          Criminal Appeals Section
    and  Diane Leigh Hunt, Assistant Attorney           Tucson, AZ
          General, Criminal Appeals Section
Attorneys for Appellee

LAW OFFICE OF STACY TAEUBER                               Madison, WI
     by   Stacy Taeuber
Attorney for Appellant

**B E R C H**, Justice

¶1      We are asked to resolve whether a conviction for the crime of escape is sustainable under the facts of this case.  We

conclude that sufficient evidence supports the jury's verdict and therefore reinstate the conviction. We have jurisdiction pursuant to Article 6, Section 5(3) of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") section 12-120.24 (2003).

**FACTS AND PROCEDURAL BACKGROUND**

¶2 Bisbee Police Officer William Silva saw Defendant Sudden Rio Stroud sitting in a car. Knowing that there was an outstanding felony warrant for Stroud's arrest, Officer Silva approached him. As Stroud got out of the car, Silva ordered him to put his hands on the patrol car. Although he questioned why he was being arrested, Stroud started to comply with the order. When the officer advised him of the arrest warrant, Stroud tried to evade Silva, but Silva grabbed Stroud's shirt collar, shoved him against the car and held him there, telling him that he was under arrest. Stroud continued to struggle and kick, so Silva used pepper spray in an effort to subdue him. Some of the spray blew into Silva's eyes, causing him to lose his grip on Stroud, who broke free and fled. Another officer later apprehended Stroud.

¶3 As a result of the incident, Stroud was charged with resisting arrest and second-degree escape. A jury convicted Stroud of both counts, finding also that he was on probation

when he committed the offenses. The trial judge imposed consecutive prison terms totaling four years.

¶4        On appeal, the court of appeals affirmed Stroud's conviction and sentence for resisting arrest, but vacated his conviction and sentence for escape, finding the evidence insufficient to establish that Stroud had been "in custody," a prerequisite to an escape. *State v. Stroud*, 207 Ariz. 476, 479-80, 481, ¶¶ 12, 19, 88 P.3d 190, 193-94, 195 (App. 2004).

¶5        The State of Arizona petitioned this court for review.

**A.    Standard of Review**

¶6        The State urges us to find that the court of appeals erred in holding that the facts of this case cannot support convictions for both resisting arrest and escape.[1]  *See id.* at 477-78, ¶ 4, 88 P.3d at 191-92.  We review the sufficiency of evidence presented at trial only to determine if substantial evidence exists to support the jury verdict.  *See Hutcherson v. City of Phoenix*, 192 Ariz. 51, 53, ¶ 13, 961 P.2d 449, 451 (1998).  Substantial evidence has been described as "more than a 'mere scintilla'" of evidence; but it nonetheless must be evidence that "reasonable persons could accept as sufficient to support a guilty verdict beyond a reasonable doubt."  *State v.*

---

[1]    Stroud also questioned whether the trial court erred in finding that consecutive sentences were required.  The State now concedes that the judge had discretion to impose concurrent sentences.  *See infra* section C, ¶¶ 18-22.

*Hughes*, 189 Ariz. 62, 73, 938 P.2d 457, 469 (1997) (quoting *State v. Mathers*, 165 Ariz. 64, 67, 796 P.2d 866, 869 (1990)). In determining whether substantial evidence exists, we view the facts in the light most favorable to sustaining the jury verdict and resolve all inferences against Stroud. *State v. Arredondo*, 155 Ariz. 314, 316, 746 P.2d 484, 486 (1987).[2]

### B. Discussion

**¶7** In Arizona, the crimes of resisting arrest and escape are controlled by separate statutes, each having distinct elements. A person commits the crime of resisting arrest by

> intentionally preventing or attempting to prevent a person reasonably known to him to be a peace officer . . . from effecting an arrest by:
> (1) Using or threatening to use physical force against the peace officer or another; or
> (2) Using any other means creating a substantial risk of causing physical injury to the peace officer or another.

A.R.S. § 13-2508(A) (2001). A person commits second-degree escape by knowingly "[e]scaping or attempting to escape from *custody* imposed as a result of having been arrested for, charged

---

[2]  Stroud's counsel did not object to the submission of the case to the jury or move for a judgment of acquittal at trial. *Stroud*, 207 Ariz. at 478, ¶ 5, 85 P.3d at 192. We therefore review the record only for fundamental error. *State v. Gendron*, 168 Ariz. 153, 154, 812 P.2d 626, 627 (1991). It is, however, "fundamental error to convict a person for a crime when the evidence does not support a conviction." *State v. Roberts*, 138 Ariz. 230, 232, 673 P.2d 974, 976 (App. 1983).

with or found guilty of a felony." A.R.S. § 13-2503(A)(2) (2001) (emphasis added).

¶8 The court of appeals held that Stroud's convictions for resisting arrest and escape could not both stand. 207 Ariz. at 479-80, ¶ 12, 88 P.3d at 193-94. It concluded that the escape conviction was not supported by substantial evidence. *Id.* To establish the second-degree escape charge, the State had to prove beyond a reasonable doubt that Stroud knowingly "[e]scap[ed] from custody imposed as a result of having been arrested for . . . a felony." A.R.S. § 13-2503(A)(2). The court reasoned that because Officer Silva never "completed arresting Stroud," he was never in "custody," and thus the trial court erred by submitting the escape charge to the jury. *Stroud*, 207 Ariz. at 480, ¶ 12, 88 P.3d at 194.

¶9 In concluding that Stroud was never in custody, the court of appeals relied upon definitions of custody derived from other jurisdictions. *Id.* at 479-80, ¶¶ 11-12, 88 P.3d at 193-94 (citing *Ex parte McReynolds*, 662 So. 2d 886 (Ala. 1994); *People v. Thornton*, 929 P.2d 729 (Colo. 1996); *People v. Becoats*, 451 N.Y.S.2d 497 (App. Div. 1982); *Medford v. State*, 13 S.W.3d 769 (Tex. Crim. App. 2002)). Arizona statutes, however, specifically define "custody" as the "imposition of actual or constructive restraint pursuant to an on-site arrest." A.R.S. § 13-2501(3) (2001). "Restraint" is not defined by statute, but

the common understanding of the word connotes controlling, limiting, or restricting the movement of another. *See Black's Law Dictionary* 1315-16 (7th ed. 1999); *see also* A.R.S. § 1-213 (2002) (requiring that words in statutes "be construed according to the common and approved use of the language"); *State v. Wise*, 137 Ariz. 468, 470 n.3, 671 P.2d 909, 911 n.3 (1983) (stating that "words and phrases in statutes shall be given their ordinary meaning unless it appears from context or otherwise that a different meaning is intended"). Moreover, the term has been construed by Arizona case law. *See State v. Sanchez*, 145 Ariz. 313, 316, 701 P.2d 571, 574 (1985) (analyzing concepts of arrest and constructive restraint in the context of an escape charge); *State v. Cole*, 172 Ariz. 590, 592, 838 P.2d 1351, 1353 (App. 1992) (analyzing "custody" in the context of the escape statute). Thus, Arizona authority provides ample guidance regarding the statutory requirements for proving escape.

¶**10** Arizona authority also addresses what constitutes an arrest for purposes of the escape statute. Section 13-3881 provides that an "arrest is made by an actual restraint of the person to be arrested, or by his submission to the custody of the person making the arrest." A.R.S. § 13-3881 (2001). No easily identifiable point defines the moment at which an arrest or custody occurs. Whether an arrest has occurred must be determined by examining the facts and circumstances of each

case. *See Cole*, 172 Ariz. at 592, 838 P.2d at 1353 (finding actual restraint when two police officers held the defendant's arms, only temporarily, and told him he was under arrest before he escaped).

¶11    Thus, to prove Stroud guilty of escape, the State had to show that Stroud was "arrested" (that is, that he was actually restrained) and was in "custody" (defined as the imposition of actual or constructive restraint pursuant to an arrest). On these points, the record shows that during the ongoing struggle, Officer "Silva grabbed Stroud's shirt collar, leaned him against his car, and held him down" while repeatedly telling "Stroud he was under arrest." *Stroud*, 207 Ariz. at 477, ¶ 2, 88 P.3d at 191. From this evidence, a reasonable jury could find that Silva actually restrained Stroud, even if only temporarily, before Stroud broke free. *See Cole*, 172 Ariz. at 592, 838 P.2d at 1353. The jurors could reasonably have concluded that Silva's actual restraint of Stroud satisfied the definition of "custody" set forth in A.R.S. § 13-2501(3). This action, coupled with the declaration to Stroud that he was under arrest, provided sufficient evidence to support a guilty verdict on the charge of second-degree escape, as defined in A.R.S. § 13-2503(A)(2).

¶12    Although the record contains conflicting evidence on the degree of control exercised by Officer Silva, viewing the

evidence presented in favor of upholding the verdict, we conclude that a reasonable jury could find the evidence sufficient to support Stroud's conviction for escape. Thus, we find no fundamental error.

¶13    The court of appeals, however, found fundamental error in the trial court's submission of the escape charge to the jury because it concluded that Stroud had not been "restrained," as that term is used in the statute defining custody. A.R.S. § 13-2501(3); *Stroud*, 207 Ariz. at 480, ¶ 12, 88 P.3d at 194. In doing so, it relied upon language from this court's decision in *Sanchez*, 145 Ariz. at 316, 701 P.2d at 574. While we reaffirm the thrust of that opinion — that one cannot escape unless one has been actually restrained or arrested — we believe the court of appeals has unmoored the language of the opinion from its contextual anchor.

¶14    The *Sanchez* case involved constructive restraint, not the actual restraint at issue in this case. *Id*. at 314, 701 P.2d at 572. In *Sanchez*, the officer never was closer than ten-to-fifteen feet from the defendant, who walked away when the officer began to walk toward him. *Id.* As the two circled back and forth around a parked car, the officer finally said, "This is it, Roy; you're under arrest." *Id*. At that point, the defendant ran. *Id.* In light of those facts, this court concluded that the defendant could not have escaped because he

had never submitted to the officer's authority, nor had he actually been restrained by the officer. *Id.* at 315, 701 P.2d at 573. That case, unlike the one before us, did not involve an actual restraint of the defendant. Rather, the court characterized Sanchez's actions as a flight from an attempted arrest. *Id*. at 316, 701 P.2d at 574. In actual restraint cases, the factfinder must carefully examine the facts and circumstances to see whether, taken as a whole, they demonstrate that the officer exercised the necessary degree of control over the defendant to establish that an arrest has occurred. *See Cole*, 172 Ariz. at 591, 838 P.2d at 1352. *Sanchez* sheds little light on such an inquiry.

**¶15** The court of appeals then attempted to "reconcile" the crimes of resisting arrest and escape. *Stroud*, 207 Ariz. at 478-79, ¶¶ 7, 11, 88 P.3d at 192-93. But no such reconciliation is necessary. The crimes are separate, each consisting of elements that differ from those that constitute the other. *Compare* A.R.S. § 13-2508(A) (resisting arrest) *with* A.R.S. § 13-2503(A)(2) (escape)*; see also supra* ¶ 7. One is not a lesser-included offense of the other. If the facts are such that a reasonable jury can find that the elements of each crime are met, a conviction for each may stand, even in the same case.

**¶16** The record shows that the jury was adequately instructed on both resisting arrest and escape, and the

defendant interposed no objection to either instruction.  Under those circumstances, and given the facts presented at trial, the judge was justified in submitting both offenses to the jury, and the jury was justified in finding that Stroud committed both resisting arrest, as defined in A.R.S. § 13-2508(A), and second-degree escape, as defined in A.R.S. § 13-2503(A)(2).

¶17      We therefore vacate the court of appeals' conclusion on this issue and reinstate the jury's verdict on the escape charge.

### C.    Sentencing Issues

¶18      The trial judge seems to have believed that he was statutorily compelled to impose consecutive sentences on Stroud. On appeal, Stroud argued that the trial court erred in "interpret[ing] A.R.S. § 13-2503(B) as requiring it to impose consecutive sentences," and that the imposition of consecutive sentences "violate[d] statutory and constitutional prohibitions against double punishment."  *Stroud*, 207 Ariz. at 477, ¶ 1, 88 P.3d at 191.  Because the court of appeals reversed Stroud's conviction on the escape charge, the court never addressed these issues.  The reinstatement of the defendant's escape conviction requires that we now resolve them.  We review the issues de novo because they involve statutory construction and questions of law.  *See Zamora v. Reinstein*, 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996).

### 1. Consecutive Sentences

¶19     In Arizona, a sentence for escape "shall run consecutively to any sentence of imprisonment for which the person was confined" or to the imposition of probation, parole, work furlough, or release.  A.R.S. § 13-2503(B); *see also State v. Weaver*, 158 Ariz. 407, 410, 762 P.2d 1361, 1364 (App. 1988). In other situations, the judge has discretion to impose consecutive or concurrent sentences.  A.R.S. § 13-2503(B); *Weaver*, 158 Ariz. at 410, 762 P.2d at 1364.

¶20     Section 13-604.02(B), A.R.S., is the sentencing provision that applies to offenses committed while on probation. While that statute requires that the sentence imposed for a new offense "be consecutive to any other sentence from which the convicted person had been temporarily released or had escaped," A.R.S. § 13-604.02(B) (2001), it does not require that the sentence for two new charges be consecutive.  Nevertheless, at the sentencing hearing, Stroud's lawyer stated that consecutive sentences were required.  The trial judge, apparently under the misimpression that counsel's statement was correct, imposed consecutive sentences.

¶21     The parties now agree that the trial court erred in believing that consecutive sentences were statutorily mandated. When a trial court labors under a misunderstanding of the sentencing law, thinking that a consecutive sentence is

- 11 -

mandatory rather than discretionary, that portion of the sentence imposing a consecutive sentence should be set aside and the matter remanded for sentencing. *Weaver*, 158 Ariz. at 410, 762 P.2d at 1364; *State v. LaBar*, 148 Ariz. 522, 524, 715 P.2d 775, 777 (App. 1985); *State v. Pena*, 140 Ariz. 545, 551, 683 P.2d 744, 750 (App. 1983). Accordingly, we remand the case to the trial court for re-sentencing under the correct standard.

### 2. Double Punishment

¶22 Stroud also argues that consecutive punishment for escape and resisting arrest constitutes impermissible double punishment. *See* A.R.S. § 13-116 (2001). The sentences in this case have been vacated and the case remanded for re-sentencing. Because the trial court may elect not to impose consecutive sentences, we need not reach the issue of double punishment. We do note, however, that A.R.S. § 13-116 prohibits consecutive sentences for an "act or omission" that is punishable by "different sections of the laws." But as set forth in ¶¶ 7-8, the crimes of escape and resisting arrest constitute separate acts. *See State v. Gordon*, 161 Ariz. 308, 312, 778 P.2d 1204, 1208 (1989) (setting forth "identical elements" test). Stroud's double punishment claim is therefore meritless.

**CONCLUSION**

¶23 For the foregoing reasons, we vacate the opinion of the court of appeals, reinstate the jury verdict on the charge of

escape, and remand the case to the trial court for re-sentencing.

_____
Rebecca White Berch, Justice

CONCURRING:

_____
Charles E. Jones, Chief Justice


_____
Ruth V. McGregor, Vice Chief Justice


_____
Michael D. Ryan, Justice


_____
Andrew D. Hurwitz, Justice