Reversed and Acquitted and Opinion filed August 8, 2006








 

Reversed and Acquitted and Opinion filed August 8, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00369-CR

____________

 

GRADY LEWIS WARNER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 21st
District Court

Burleson County, Texas

Trial Court Cause No. 12,892

 



 

O P I N I O N

Grady Lewis Warner, appellant, was charged by indictment
with the felony offense of escape.  A jury found him guilty and assessed his
punishment at confinement in the state penitentiary for a term of 12 years.  In
two points of error, appellant contends the evidence is legally and factually
insufficient to support the conviction.  We reverse and acquit.








On January 3, 2004, Burleson County Sheriff=s Deputy Justin
Royal was dispatched to investigate a domestic dispute in Cedar Creek.  While
en route to the location, Deputy Royal was advised by the dispatcher that one
of the parties to the dispute, Grady Warner, was wanted for a parole violation
and a Ablue@ warrant had been
issued for his arrest.  When he arrived at the scene of the altercation, he
observed several adults and children standing in front of a residence.  Deputy
Royal stated to the group that he needed to talk to Grady Warner.  Appellant
identified himself and accompanied the deputy back to his patrol vehicle.

There is a conflict in the testimony of the witnesses as to
what happened next.  Deputy Royal testified that he placed both hands upon
appellant=s arms and informed him he was under arrest for a
parole violation.  Deputy Royal claimed he continued to grasp appellant=s wrist with his
left hand and reached for his handcuffs with his right hand.  At this moment,
appellant broke free and ran into the nearby woods.  Deputy Royal pursued
appellant, but was unable to apprehend him.

Appellant suggests
Deputy Royal=s testimony conflicts to some degree with his offense
report.  Deputy Royal wrote in his report:

I approached Mr.
Warner, his brother Billy Bria, . . . Mr. Warner=s son and Mr. Bria=s wife.  Mr.
Warner advised me that everything was ok and we were not needed.  I told Mr.
Warner that I still needed to speak with him.  I walked Mr. Bria [sic] over to
my vehicle and told him that he was under arrest.  I told him that he was
wanted by Parole and had a blue warrant.  Mr. Bria [sic] was standing up
against my vehicle as I was grabbing his hand to cuff him Mr. Bria [sic] pushed
away and ran into the woods.

Because
Deputy Royal described his actions in the past continuous tense, i.e., Aas I was grabbing
his hand,@ rather than in the simple past tense, i.e., Aafter I grabbed
his hand,@ it is difficult to discern from his report whether
Deputy Royal was or was not in physical control of appellant at the time he
bolted and ran.  Moreover, Deputy Royal initially described the offense in his
incident report as evading arrest, not escape.  Finally, both appellant=s brother and
sister-in-law testified that they witnessed the incident and at no time did
Deputy Royal ever put his hands on appellant.








In his first point of error, appellant contends the
evidence is legally insufficient to sustain his conviction.  In a legal
sufficiency review, we look at the evidence in the light most favorable to the
verdict and determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319 n.12 (1979); Wilson v. State, 7 S.W.3d
136, 141 (Tex. Crim. App. 1999).  We do not engage in a second evaluation of
the weight and credibility of the evidence, but only ensure the jury reached a
rational decision.  Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App.
1993).

The legislature has provided a continuum of offenses
related to difficulties frequently encountered by the police when apprehending
a suspect.  If a suspect flees from an officer before being arrested, he may be
charged with evading arrest.[1] 
If he flees after he has been taken into custody, the defendant may be
prosecuted for escape.[2] 
If a defendant uses force against an officer to prevent his arrest, he may be
convicted of resisting arrest.[3] 
Here, there is some evidence from which a rational jury could believe that
Deputy Royal placed his hands on appellant=s arms and was
still grasping one arm with his left hand when appellant broke free and fled. 
Thus, the question before us is whether the grasping of a suspect=s arm while orally
telling him he is under arrest constitutes Acustody.@ 








In the context of the Fourth Amendment, the Aseizure@ of a person
ordinarily bears the meaning of a laying on of hands or application of physical
force to restrain movement, even when it is ultimately unsuccessful.@  California v.
Hodari D., 499 U.S. 621, 626 (1991).  However, even without the use of
physical contact, force, or restraint, a person is in custody within the
meaning of the Fourth Amendment if, in view of all the circumstances, a
reasonable person would have believed that he was not free to leave.  United
States v. Mendenhall, 446 U.S. 544, 544 (1980).  Certainly, any reasonable
person under the facts presented here would have believed he was not free to
leave.

However, when construing Acustody@ as that word is
used in section 38.06 of the Penal Code, the Texas Court of Criminal Appeals
has imposed a much higher degree of restraint.  For example, in Medford v.
State, a police officer informed the defendant he was under arrest, grabbed
his left arm, and reached for his handcuffs.  13 S.W.3d 769, 771 (Tex. Crim.
App. 2000).  At that instant, the defendant broke free of the officer=s grasp and fled. 
There, the court of criminal appeals held the defendant was not in Acustody,@ because an Aarrest@ is complete only Awhen a person=s liberty of
movement is successfully restricted or restrained, whether this is achieved by
an officer=s physical force or the suspect=s submission to
the officer=s authority.@  Id. at
773.  Of course, an escape can only occur where the officer is unable to
Asuccessfully@ restrain the
defendant.  Thus, under the court of criminal appeals= construction of
the statute, no person may be prosecuted for escape where he succeeds in prying
himself loose from the officer=s grasp.








The facts presented here are indistinguishable from those
presented in Medford.  As an intermediate appellate court, we are
obliged by stare decisis to follow the decisions of the court of criminal
appeals.  We recognize that our holding promotes crime by encouraging suspects
to balk, pull away, defy, and even wrestle with the police who are attempting
to effect an arrest.  Moreover, we have grave doubts the legislature intended
such a result.  Were we writing on a clean slate, we might well decide the
issue differently.  See Gibbons v. State, 676 So.2d 956, 957B58 (Ala. Crim.
App. 1995) (holding defendant escaped from custody after officer grabbed his
wrist and told him he was under arrest); State v. Stroud, 209 Ariz. 410,
412B413, 103 P.3d 912,
914B915 (2005)
(holding defendant escaped from custody when officer grabbed the collar of his
shirt and told him he was under arrest).

Appellant=s first point of error is sustained, the
judgment is reversed, the indictment is dismissed, and appellant is acquitted. 
In light of our disposition of appellant=s first point of
error, we need not reach his second point of error.

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Opinion filed August 8, 2006.

Panel consists of
Justices Hudson, Fowler, and Seymore.

Publish C Tex. R. App. P. 47.2(b).









[1]           A person commits an offense if he
intentionally flees from a person he knows is a peace officer attempting
lawfully to arrest or detain him.

Tex. Penal Code Ann. ' 38.04(a)
(Vernon 2003).





[2]           A person commits an offense if he escapes
from custody when he is: (1) under arrest for, charged with, or convicted of an
offense; or (2) in custody pursuant to a lawful order of a court.

Tex. Penal Code Ann. ' 38.06(a)
(Vernon 2003).





[3]           A person commits an offense if he
intentionally prevents or obstructs a person he knows is a peace officer or a
person acting in a peace officer=s
presence and at his direction from effecting an arrest, search, or
transportation of the actor or another by using force against the peace officer
or another.

Tex. Penal Code Ann. ' 38.03(a)
(Vernon 2003).