NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

TERRY JUNIOR LYNELL BRABHAM, JR., *Appellant.*

No. 1 CA-CR 13-0217
FILED 09-25-2014

Appeal from the Superior Court in Maricopa County
No. CR2011-115294-002
The Honorable Robert L. Gottsfield, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Andrew Reilly
*Counsel for Appellee*

Janelle A. McEachern, Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Samuel A. Thumma joined.

**G O U L D**, Judge:

¶1          Terry Junior Lynell Brabham, Jr. ("Brabham") appeals his convictions for aggravated assault and drive-by shooting on the grounds there is insufficient evidence to support his convictions.  For the reasons discussed below, we affirm Brabham's convictions, and also affirm his sentences as modified.

**DISCUSSION**

¶2          "We review the sufficiency of the evidence presented at trial only to determine if substantial evidence exists to support" the verdict. *State v. Stroud*, 209 Ariz. 410, 411, ¶ 6, 103 P.3d 912, 913 (2005).  "Substantial evidence is proof that reasonable persons could accept as sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *State v. Spears*, 184 Ariz. 277, 290, 908 P.2d 1062, 1075 (1996).  Substantial evidence required for a conviction may be either circumstantial or direct. *State v. Pena*, 209 Ariz. 503, 505, ¶ 7, 104 P.3d 873, 875 (App. 2005).  We view the evidence "in the light most favorable to sustaining the jury verdict, and resolve all inferences against" the defendant. *Stroud*, 209 Ariz. at 411, ¶ 6, 103 P.3d at 913.

¶3          A defendant commits the crime of drive-by shooting by "intentionally discharging a weapon from a motor vehicle at a person, another occupied motor vehicle or an occupied structure."  Ariz. Rev. Stat. ("A.R.S.") § 13-1209(A) (West 2014).[1]  As applicable here, the crime of aggravated assault required the State to prove Brabham intentionally, knowingly, or recklessly caused any physical injury to another using a deadly weapon or dangerous instrument.  A.R.S. §§ 13-1203(A)(1)  and -1204(A)(2).

---

[1]     We cite to the current version of the applicable statutes in this decision, unless revisions material to this decision have since occurred.

¶4        Our review of the record shows there is substantial evidence supporting Brabham's convictions for drive-by shooting and aggravated assault.  Shortly before the shooting, a confrontation occurred between the victim and Brabham as the victim left his apartment complex.  Brabham, while sitting in the front passenger seat of the vehicle, threatened the victim by flashing a gang sign and stating, "What's up, blood?"  Brabham's vehicle then followed the victim as he walked along Central Avenue.

¶5        Immediately prior to the shooting, the victim observed Brabham sitting in the front passenger seat of the vehicle.  The victim then saw shots being fired from the passenger side of the vehicle.  The victim attempted to run, but was struck in the back by a bullet.

¶6        The vehicle then drove away, was pursued by law enforcement, and ultimately crashed during the pursuit.  Brabham fled the vehicle on foot.  Officers subsequently found Brabham hiding in a nearby vacant lot.

¶7        After his arrest, Brabham was present when officers discussed their intention to test him for gunshot residue ("GSR").  Brabham then spit on his hand in an apparent attempt to conceal any gunshot residue.  Despite Brabham's efforts at concealment, the GSR tests were "highly specific," and showed that Brabham had either discharged a weapon, was in the vicinity when a weapon was discharged, or handled an item that had GSR on it.

¶8        Officers later searched Brabham's vehicle and found two firearms and a bullet on the passenger side floorboard.  One of the guns, an Uzi, was loaded and had a bullet in the chamber of the gun.  Brabham admitted to owning the Uzi and placing it on the floor next to where he was sitting.

¶9        Based on the evidence in this case, a reasonable juror could have concluded that Brabham was guilty of aggravated assault and drive-by shooting.  Accordingly, we find no error.

**DNA Testing Fee**

¶10        The trial court also ordered Brabham to submit to DNA testing and to "pay the applicable fee for the cost of that testing in accordance with A.R.S. § 13-610."  This court recently held that A.R.S. § 13-610 does not require a convicted defendant to pay for the costs of his DNA testing.  *State v. Reyes*, 232 Ariz. 468, 472, ¶¶ 11-13, 307 P.3d 35, 39 (App. 2013).  We therefore vacate the order requiring Brabham to pay for the cost of DNA testing.

**CONCLUSION**

¶11        For the foregoing reasons, we affirm Brabham's convictions. We also affirm Brabham's sentences as modified.



Ruth A. Willingham · Clerk of the Court
FILED: gsh