NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DAVID JUNIOR RAMIREZ, *Appellant*.

No. 1 CA-CR 17-0271
FILED 5-22-2018

Appeal from the Superior Court in Maricopa County
No.  CR2016-142110-001
The Honorable Margaret R. Mahoney, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Elizabeth B. N. Garcia
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin
*Advisory Counsel for Appellant*

David Junior Ramirez, Tucson
*Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Michael J. Brown and Judge Jon W. Thompson joined.

---

**J O N E S**, Judge:

**¶1**        David Ramirez appeals his conviction and sentence for aggravated assault, a domestic violence offense.  Ramirez argues the State presented insufficient evidence to sustain the jury's verdict.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**        On September 3, 2016, Ramirez stabbed the victim, his girlfriend, in the back with a screwdriver at a casino.[1]  Video footage from the casino's security cameras showed Ramirez and the victim arguing. When the victim walked away, Ramirez grabbed her by the neck and pulled her head back.  After she broke free, Ramirez pulled a screwdriver from his pocket and stabbed her in the lower back.  Immediately thereafter, Ramirez dropped the screwdriver into a nearby trash can.

**¶3**        Police officers and emergency personnel were dispatched to the casino on reports of a stabbing.  At the scene, the victim told a responding paramedic she had been stabbed by her boyfriend.  The paramedic observed a small puncture wound on her lower back.  He later testified that a puncture wound to the lower back by a screwdriver could cause serious injury to vital organs, blood vessels, and nerves, but he was unable to determine the extent of the victim's injury because she refused to go to the hospital.

**¶4**        The victim also told an officer that she had been stabbed and advised that Ramirez typically carried a screwdriver with an orange and black handle.  After reviewing the security video, the police located a screwdriver with an orange and black handle in the trash can.

---

[1]        "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

**¶5**         A grand jury indicted Ramirez on one count of aggravated assault, a domestic violence offense.  The State also alleged that Ramirez was on probation at the time of the assault and that the offense was dangerous.

**¶6**         Ramirez represented himself at trial after knowingly, intelligently, and voluntarily waiving his right to an attorney.  *See Faretta v. California*, 422 U.S. 806 (1975).  The State's first witness, the victim, testified she was in a romantic relationship with Ramirez and did not want him to get in trouble.  She denied her previous reports and claimed she did not recall talking with the police.  When asked whether she was injured that evening, the victim answered, "No, not seriously, no," and then stated, "It wasn't life threatening.  It wasn't even that big of a deal."

**¶7**         At the end of the State's case, Ramirez did not move for a judgment of acquittal or otherwise argue the insufficiency of the evidence. The jury subsequently convicted him as charged.  In the aggravation phase of the trial, Ramirez's probation officer testified Ramirez was on probation for a felony offense at the time of the assault.  The jury then found the offense was dangerous and that Ramirez was on probation at the time of the offense.  The trial court sentenced Ramirez to 7.5 years' imprisonment with credit for 229 days of presentence incarceration.  Ramirez timely appealed,[2] and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1),[3] 13-4031, and -4033(A)(1).

## DISCUSSION

**¶8**         Ramirez, having knowingly, intelligently, and voluntarily waived his right to appellate counsel, *see State v. Cook*, 170 Ariz. 40, 48 (1991) (citing *Faretta*, 422 Ariz. at 834-36), filed a largely incoherent opening brief

---

[2]         The trial court also revoked Ramirez's probation and sentenced him to a consecutive term of 2.5 years' imprisonment with credit for 158 days of presentence incarceration.  *See* Ariz. R. Crim. P. 27.8(e) (authorizing the court to revoke a grant of probation following a determination of guilt on a later criminal offense).  Because Ramirez did not appeal this order, he has waived review of that order.

[3]         Absent material changes from the relevant date, we cite a statute's current version.

in which he argues "no direct evidence" tied him to the alleged crimes.[4] We interpret his argument as a claim that insufficient evidence exists to sustain the verdict. S*ee State v. Whalen*, 192 Ariz. 103, 110-11 (App. 1997) (addressing the sufficiency of the evidence to sustain the verdicts, even though defense counsel had waived the issue by failing to contest it at trial).

**¶9**        When reviewing the sufficiency of the evidence, we will "not reweigh the evidence to decide if [we] would reach the same conclusions as the trier of fact." *State v. Barger*, 167 Ariz. 563, 568 (App. 1990) (citing *State v. Guerra*, 161 Ariz. 289, 293 (1989)). Rather, we review "the evidence presented at trial only to determine if substantial evidence exists to support the jury verdict." *State v. Hausner*, 230 Ariz. 60, 75, ¶ 50 (2012) (citing *State v. Stroud*, 209 Ariz. 410, 411, ¶ 6 (2005)). "Substantial evidence is more than a mere scintilla and is such proof that 'reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt.'" *State v. Mathers*, 165 Ariz. 64, 67 (1990) (quoting *State v. Jones*, 125 Ariz. 417, 419 (1980)). Moreover, "[t]he probative value of evidence is not reduced because it is circumstantial." *State v. Murray*, 184 Ariz. 9, 31 (1995) (citing *State v. Blevins*, 128 Ariz. 64, 67 (App. 1981)).

**¶10**        As relevant here, a person commits aggravated assault by "[i]ntentionally, knowingly or recklessly causing any physical injury to another person" while "us[ing] a deadly weapon or dangerous instrument." A.R.S. §§ 13-1203(A)(1), -1204(A)(2). A "dangerous instrument" is "anything that under the circumstances in which it is used . . . is readily capable of causing death or serious physical injury." A.R.S. § 13-105(13). Additionally, an aggravated assault is a domestic violence offence if "[t]he relationship between the victim and the defendant is currently or was previously a romantic or sexual relationship." A.R.S. § 13-3601(A)(6).

**¶11**        Ramirez argues the evidence was insufficient to support the conviction because the victim recanted and the police did not collect physical evidence tying him to the screwdriver. We disagree. The record contains video footage showing Ramirez stabbing the victim; testimony from the paramedic that the victim had a puncture wound in her lower back consistent with being stabbed by a screwdriver, and that stabbing the lower

---

[4]        Ramirez also makes passing reference to the grand jury proceedings, the indictment, the State's disclosure obligations, and juror questions. To the extent Ramirez raises any of these issues on appeal, we find he has waived them by failing to sufficiently develop the arguments. *See Zubia v. Shapiro*, 243 Ariz. 412, 416 n.1, ¶ 25 (2018) (citations omitted).

back with a screwdriver could cause serious injury; and testimony from the officer that the victim believed Ramirez had stabbed her. Additionally, a screwdriver matching the description provided by the victim was found in the same trash can that Ramirez had dropped an object into immediately after the stabbing. A reasonable jury could have accepted the evidence presented as adequate to convict Ramirez of aggravated assault. Moreover, the victim testified she had a romantic relationship with Ramirez, and a reasonable jury could have accepted the evidence presented as sufficiently adequate to further find the assault was a domestic violence offence.

## CONCLUSION

¶12        Ramirez's conviction and sentence are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA