NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JESUS ALFREDO MORALES, *Appellant.*

No. 1 CA-CR 19-0115
FILED 10-29-2019

Appeal from the Superior Court in Yuma County
No. S1400CR201800309
The Honorable Brandon S. Kinsey, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joshua C. Smith
*Counsel for Appellee*

Torok Law Office PLLC, Yuma
By Gregory T. Torok
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Maurice Portley[1] delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge David D. Weinzweig joined.

**P O R T L E Y**, Judge:

¶1        Jesus Morales appeals his conviction and sentence for sexual assault.  For the reasons below, we affirm.

### FACTUAL[2] AND PROCEDURAL BACKGROUND

¶2        In early 2011, Morales sexually assaulted his then-wife while she was sleeping.  After the assault, she kicked him out of their home. She contacted the police about the assault in 2013.  Although she was willing to record a confrontation call with Morales, she did not know his phone number, but had only the family number and did not believe his family would allow her to talk to him.

¶3        Unexpectedly, Morales called the victim in 2014, and she recorded part of the conversation on her cell phone.  She testified she recognized his voice on the phone and was certain the call was with Morales.  During the call, she repeatedly asked him why he sexually assaulted her and, at one point, Morales responded "I shouldn't have done it; I did it."  At other times during the call, when asked, he responded that he "did it to get closer to" her, "to take revenge," or out of "jealousy."

¶4        Morales was indicted for sexual assault involving domestic violence on March 22, 2018.  Before trial, Morales moved *in limine* to prevent the State from using the recorded phone call.  The trial court held an evidentiary hearing, heard from the victim and found that the recording

---

[1]        The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2]        We review the facts and all reasonable inferences therefrom in the light most favorable to sustaining the verdict. *State v. Stroud*, 209 Ariz. 410, 412, ¶ 6 (2005).

had sufficient foundation and was otherwise admissible.  The court denied the motion *in limine*.

**¶5**       At trial, the jury heard the victim identify the marked exhibit, the State's copy of the recording, which was identical to the original she had recorded in 2014.  She identified her voice and Morales' voice on the recording.  She also testified that she initially gave a copy of the recording to the police in 2014 and a second copy in 2017.  The second copy, which was marked as an exhibit, was admitted.

**¶6**       The jury, after hearing testimony, instructions and argument, convicted Morales as charged.  He was subsequently sentenced to prison for five and one quarter years.  He then filed this appeal.

## DISCUSSION

**¶7**       On appeal, Morales challenges the trial court's decision to admit the victim's recording of her phone call with Morales.  We review the admission of evidence for abuse of discretion. *State v. Burns*, 237 Ariz. 1, 18, ¶ 54 (2015).

**¶8**       First, Morales argues the recording should have been excluded based on Arizona Rule of Evidence 106. Rule 106, in relevant part, requires that "[i]f a party introduces all or part of a . . . recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time." Ariz. R. Evid. 106.

**¶9**       Rule 106 is a rule "of inclusion not exclusion" that allows the adverse party to concurrently introduce other parts of the statement or related statements, and to give full context to the statement. *State v. Champagne*, 247 Ariz. 116, 134, ¶ 44 (2019).  Although Morales characterizes the admitted recording as a "partial recording," the recording had no other parts, contemporaneously made, to be admitted.  The admitted exhibit was the entire recording of a part of the phone conversation between the former spouses, though counsel agreed to certain redactions.  Moreover, the victim testified that Morales called her unexpectedly and she began the recording during the conversation.  No one else witnessed the call or recording, and Morales did not try to introduce any additional part of the recording.  Thus, the trial court did not abuse its discretion by admitting the recording under Rule 106. *See Burns*, 237 Ariz. at 18, ¶ 54.

**¶10**       Second, Morales argues that Rule 403 barred the recording because its probative value is substantially outweighed by unfair prejudice.

But the recording was relevant to the State's case and not so unfairly prejudicial as to outweigh its substantial probative value. *See State v. Guarino*, 238 Ariz. 437, 440, ¶ 9 (2015) ("[W]hile evidence that makes a defendant look bad may be prejudicial in the eyes of jurors, it is not necessarily unfairly so.").

**¶11**     The recording directly addressed the sole issue in the case: whether Morales sexually assaulted the victim. Nor do we find that the recording confused the issues or misled the jury. The recording contained his statements about his behavior, which strongly suggested he sexually assaulted the victim, including multiple statements that are tantamount to an admission. Accordingly, the trial court did not abuse its discretion by finding the probative value of the recording was not outweighed by the risk of unfair prejudice. *See State v. Ortiz*, 238 Ariz. 329, 334–35, ¶¶ 12–13 (App. 2015).

**¶12**     Additionally, to the extent that Morales argues he was prejudiced by the fact the recording only contained a part of the conversation, nothing in Rule 403 prohibits the admission of the recording, or supports his assertion that he may have made unrecorded exculpatory statements to the victim. Thus, we find no abuse of discretion in admitting the recording.

**¶13**     Morales next argues that the recording should have been barred by Rule 1002. The rule requires "[a]n original . . . recording . . . unless these rules or an applicable statute provide otherwise." Ariz. R. Evid. 1002. His argument ignores Rule 1003, which provides "[a] duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." Ariz. R. Evid. 1003. Because Morales does not cite to any case, statute, or rule that original recordings are required to prove the truth of the matter asserted, and Rule 1003 permits the use of a duplicate recording, the court did not abuse its discretion in admitting the recording.

**¶14**     Finally, Morales also raises several arguments for the first time in his reply brief. He contends he did not have a fair opportunity to inspect the recording before trial and his right to due process was denied because of the passage of time in this case. He did not raise these arguments in the superior court, and we do not consider arguments raised for the first time in a reply brief. *State v. Johnson*, 247 Ariz. 166, 205, ¶ 160 n. 3 (2019). Moreover, Morales' inspection argument also fails because he concedes that the recording was disclosed before trial.

**¶15**      Even if Morales had preserved his argument that the length of time between his conduct and the prosecution violated his due process rights, we are not required to vacate his conviction or remand the case for dismissal. "The primary guarantee against a stale prosecution"—taking too long to prosecute a defendant—"is the statute of limitations." *State v. Broughton*, 156 Ariz. 394, 397 (1988). Morales does not argue that the statute of limitations barred his prosecution, or show that the State intentionally delayed his prosecution. *See id.* (a defendant must show intentional delay of proceedings by the prosecution to gain a "tactical advantage" or to harass the defendant to establish a due process violation arising from pre-indictment delay).

**¶16**      Instead, he argues only that the combination of the admission of the recording and length of time between the assault and the recording constituted cumulative error. This argument fails because, as we have determined, the recording was properly admitted in evidence, and Morales himself was responsible for the gap between the assault and the recording because *he* voluntarily called the victim some three years after the assault. We do not find any cumulative error because none occurred, and Arizona courts do not subscribe to the concept of the cumulative error in the admission of evidence. *See State v. Ellison*, 213 Ariz. 116, 133, ¶ 59 (2006).

## CONCLUSION

**¶17**      Based on the foregoing, we affirm the verdict and sentence.

