NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JARRELL SHAKIR, *Appellant.*

No. 1 CA-CR 20-0326
FILED 6-10-2021

Appeal from the Superior Court in Maricopa County
No. CR2019-134662-001
The Honorable Timothy J. Ryan, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Brian Coffman
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge Randall M. Howe and Judge Maria Elena Cruz joined.

---

**P E R K I N S**, Judge:

**¶1**        Jarrell Taneithius Shakir appeals his conviction of first-degree criminal trespass. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

**¶2**        We view the facts in the light most favorable to sustaining the verdict. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013). Denaya Bryson saw Shakir running towards her as she parked in her garage. She tried to close the garage, but Shakir "suddenly [popped] up under the door." She continually honked her car horn and reversed out of the garage. Shakir approached Bryson's driver-side door, asking why she honked the horn and if she was another person. Bryson told Shakir that she did not know him and demanded that he leave. Bryson then called the police.

**¶3**        Officer Orozco responded to Bryson's home to discuss the incident. Orozco left Bryson's home and then found Shakir. Shakir mentioned that he approached a woman's car, believing her to be a mutual friend from church. Orozco did not arrest Shakir, but continued investigating by seeking out a landscaper, a potential eyewitness. The landscaper, Nathan Evans, told Orozco that he witnessed Shakir entering the garage. Orozco searched the surrounding area again to relocate and arrest Shakir.

**¶4**        In August 2019, a Grand Jury indicted Shakir for one count of first-degree criminal trespass, a class six felony. Bryson testified that as her garage door closed, Shakir dove like "Indiana Jones . . . up under the door." She also testified that Shakir's movements scared her, so she reversed out of the garage when Shakir approached her car door. Shakir moved for a directed verdict of acquittal, which the superior court denied. The jury convicted Shakir as charged.

**¶5**        The superior court found beyond a reasonable doubt that Shakir had at least two historical prior convictions. The convictions included: armed robbery, a class two felony committed in February 2002,

leading to an 18.5-year sentence with 354 days of pre-incarceration credit; and theft, a class six felony committed in July 2001. The State provided evidence that Shakir began his prison sentence in October 2003. The State released Shakir, placing him on community supervision, on February 25, 2019.

¶6    The superior court sentenced Shakir as a category three repetitive offender and imposed a 3.75-year prison sentence with 234 days of pre-incarceration credit.

¶7    Shakir first filed an untimely notice of appeal. He later petitioned for post-conviction relief seeking to file a delayed notice of appeal. The superior court granted this request and extended the filing deadline to June 12, 2020. Shakir timely filed the delayed notice of appeal and we have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 13-4031 and -4033(A).

## DISCUSSION

¶8    Shakir argues the State presented insufficient evidence to support his conviction. He also argues that his theft conviction does not qualify as a historical felony conviction.

## I.    Sufficiency of the Evidence

¶9    We review sufficiency of the evidence *de novo* and resolve all inferences against Shakir. *See State v. Burns*, 237 Ariz. 1, 20, ¶ 72 (2015). Our sufficiency of the evidence analysis hinges on whether substantial evidence supports the verdict. *State v. Stroud*, 209 Ariz. 410, 411, ¶ 6 (2005). Substantial evidence is evidence that "reasonable persons could accept as sufficient to support a guilty verdict beyond a reasonable doubt." *Id.* at 411–12, ¶ 6 (citation omitted).

¶10    To convict Shakir, the State needed to prove he knowingly entered or remained unlawfully in or on a residential structure. *See* A.R.S. § 13-1504(A)(1). The State needed to also prove that Shakir understood the illegality of his entry or remaining. *See State v. Malloy*, 131 Ariz. 125, 130 (1981). A person knowingly commits an act when the "person is aware or believes that the person's conduct is of that nature or that the circumstance exists. It does not require any knowledge of the unlawfulness of the act or omission." A.R.S. § 13-105(10)(b). "Enter or remain unlawfully" involves a person entering or remaining on premises when that person's intent for entering or remaining is unauthorized. *See* A.R.S. § 13-1501(2).

¶11        Shakir claims the State failed to present sufficient evidence to prove the required mental state. We disagree. Bryson began parking in her garage when she noticed Shakir approaching. She tried closing her garage door, but Shakir slid underneath it before it closed. Bryson then honked repeatedly and tried exiting the garage. Shakir still approached her driver side window. Shakir did leave after Bryson told him to, but only after entering Bryson's garage without permission and despite Bryson's affirmative attempt to exclude him. Shakir contends he did not know the illegality of his entrance because Bryson did not post any "no trespassing" signs and because he mistook Bryson for someone else. We decline Shakir's invitation to reweigh the evidence. *See State v. Dodd*, 244 Ariz. 182, 185, ¶ 8 (App. 2017). The record contains sufficient evidence from which reasonable jurors could conclude he knew his entry onto Bryson's property was unlawful.

## II.        Theft Conviction

¶12        Shakir argues the superior court erred by enhancing his sentences with his prior theft conviction because it does not qualify as a historical prior felony. *See* A.R.S. § 13-105(22)(c). We review statutory interpretation issues *de novo*. *State v. Pena*, 235 Ariz. 277, 279, ¶ 5 (2014). Shakir concedes that his failure to raise this argument below precludes appellate relief absent fundamental, prejudicial error. *See State v. Henderson*, 210 Ariz. 561, 607, ¶¶ 19–20 (2005).

¶13        Shakir contends his theft conviction does not amount to a historical prior felony because he served a one-year prison sentence starting in October 2003. "Historical prior felony convictions" includes Shakir's theft conviction *if* he committed the offense within five years of the present offense. *See* A.R.S. § 13-105(22)(c). Most notably, "[a]ny time spent on absconder status while on probation, on escape status or incarcerated is excluded in calculating if the offense was committed within the preceding five years." *Id.*

¶14        The State provided evidence that Shakir committed the theft offense in July 2001. The State also showed that Shakir served an 18.5-year prison sentence, with 354 days of pre-incarceration credit, beginning in October 2003. Shakir left prison and began community supervision in February 2019 before committing the present offense in July 2019. Because Shakir served 15.25 years in prison plus the 354 days of pre-incarceration credit, the superior court did not err in finding the theft offense occurred within five years of the present offense. *See* A.R.S. § 13-105(22)(c); *see also State v. Jones*, 246 Ariz. 452, 454, ¶ 5 (2019) (we apply the plain meaning to

statutory language that is clear and unambiguous). We find no error, fundamental or otherwise, in Shakir's sentence.

## CONCLUSION

¶15        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA