NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

GLENDA LEE KISEMH, *Appellant.*

No. 1 CA-CR 25-0290
FILED 04-16-2026

Appeal from the Superior Court in Mohave County
No. CR-2024-00876
The Honorable Billy K. Sipe Jr., Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph A. Newberg, II
*Counsel for Appellee*

Janelle A. McEachern Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Veronika Fabian delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Vice Chief Judge David D. Weinzweig joined.

_____

**F A B I A N**, Judge:

**¶1** A jury found Glenda L. Kisemh guilty of aggravated driving, while impaired to the slightest degree (with a suspended license) and driving with an alcohol concentration of 0.20 or more (with a suspended license). Kisemh argues the jury verdict was not supported by sufficient evidence that Kisemh was driving a vehicle. Because a reasonable person could accept the evidence as showing beyond a reasonable doubt that Kisemh drove the vehicle, this Court affirms.

## FACTS AND PROCEDURAL HISTORY

**¶2** This Court views and recalls the following facts in the light most favorable to sustaining the jury's verdict. *See State v. Nelson*, 214 Ariz. 196, 196 ¶ 2 (App. 2007). On August 5, 2023, Kisemh and her daughter ("Daughter") were staying in a rental property in Kingman, Arizona. Kisemh's niece ("Niece") spent the day with them. That night, Daughter and Niece argued with Kisemh about Kisemh's drinking. Kisemh left the property and Daughter followed her. Kisemh got into the family's truck and backed into a stationary service truck across the street.

**¶3** The police were called to respond to the vehicle collision. When they arrived at the scene, Daughter told them that Kisemh had run off. The police interviewed Daughter and Niece, along with Kisemh's sister ("Sister"), who arrived after the collision.

**¶4** Daughter told the police that: (1) Kisemh was drinking, (2) she saw Kisemh back up the truck and ram into a vehicle parked across the street, (3) Daughter had to climb through the back window of the truck because Kisemh had locked the doors, (4) Daughter tried to stop Kisemh from driving the truck, and (5) Kisemh bit and hit her, and pulled her hair while still driving the truck down the street.

**¶5** Kisemh was later found hiding next to a nearby bush in an undeveloped area. She was not wearing shoes, gave a fake name, and

appeared drunk. She had difficulty standing, smelled like alcohol, and cursed at the police. Kisemh claimed she had done nothing wrong.

¶6        Kisemh was transported to a hospital. Pursuant to a warrant, her blood was drawn less than two hours after the incident. Her blood alcohol concentration at that time was 0.219. Body camera footage captured the police interactions at the incident and at the hospital.

¶7        Kisemh was indicted for one count each of aggravated driving while her license was suspended and impaired to the slightest degree and aggravated driving while her license was suspended with an alcohol concentration of 0.20 or more, both Class 4 felonies. *See* A.R.S. § 28-1381 to 1383.

¶8        At trial, the jury was shown body camera footage from the police interactions at the scene, Kisemh's behavior when she was found, and Kisemh's conduct at the time of the blood draw.

¶9        Niece testified:

> I saw [Kisemh] and then [Daughter] on top of her, trying to, like, switch positions and trying to, like get her out of the driver's seat. . . . It was [Kisemh]. She was in the driver's seat and [Daughter] was trying to get her out of the driver's seat. [Daughter] was on top of [Kisemh].

Niece also testified Daughter wanted her to lie to the court.

¶10        Contrary to what Daughter told the police on the night of the incident, Daughter testified that Kisemh had not driven the truck. The jury was shown the body camera footage from the night of the incident during which Daughter told the police that Kisemh drove the truck, backed into another vehicle, and drove the truck down the street. Acknowledging the inconsistencies in her statements, Daughter claimed that she lied to the police because she was mad at Kisemh and wanted to get her into trouble.

¶11        Niece, Daughter, and Daughter's father testified the truck was difficult to start and required use of an electrical toggle switch. Daughter's father testified he did not teach Kisemh how to start the truck. Daughter testified Kisemh had not driven the truck because her father had a rule that no one could drive the truck except Daughter. Niece testified that before the incident she had never seen Kisemh drive the truck. Kisemh's sister, Daughter's father, and Daughter testified Kisemh worked as an electrician.

¶12     The jury received evidence that Kisemh was intoxicated at the time she was allegedly driving the truck. The jury also received evidence that Kisemh's driver's license was suspended at the time of the incident and that she knew it was suspended.

¶13     Kisemh moved for a directed verdict under Rule 20 of the Arizona Rules of Criminal Procedure, which the superior court denied. The jury found Kisemh guilty of both counts, and the court sentenced her to two terms of 2.5 years to run concurrently.

¶14     This Court has jurisdiction over Kisemh's timely appeal pursuant to Article VI, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

¶15     The jury found Kisemh guilty of both counts in violation of A.R.S. § 28-1383(A)(1). Kisemh argues the jury verdicts should be vacated based on insufficient evidence that she drove the truck at the relevant time. The statutes under which Kisemh was indicted, charged, and convicted require evidence that Kisemh was driving or in actual physical control of a vehicle. *See* A.R.S. §§ 28-1381(A), 1382(A), 1383(A)(1). Kisemh argues "reasonable doubt exists" based on "widely differing accounts as to who was driving this vehicle and whether Ms. Kisemh was in actual[] physical control of it at the time."

¶16     This Court will affirm a jury verdict supported by substantial evidence. *State v. Stroud*, 209 Ariz. 410, 411 ¶ 6 (2005). Substantial evidence means evidence, viewed in the light most favorable to sustaining the verdict, that "reasonable persons could accept as sufficient to support a guilty verdict beyond a reasonable doubt." *Id.* at 412 ¶ 6 (quoting *State v. Hughes*, 189 Ariz. 62, 73 (1997)).

¶17     Here, although there was contradictory evidence, the State produced substantial evidence that Kisemh was driving or in actual physical control of the truck. Although Daughter testified she, and not Kisemh, was driving the truck, Daughter told the police the night of the incident that Kisemh was driving the truck. Niece also testified she saw Kisemh in the driver's seat.

¶18     Although the jury heard evidence Kisemh had never been taught to start the truck, it also heard evidence that she was an electrician. It was reasonable for the jury to infer that an electrician would know how to start the truck. Finally, the jury heard that Kisemh ran from the scene,

4

which reflects consciousness of guilt. *See State v. Lujan*, 124 Ariz. 365, 371 (1979) ("Even without pursuit, defendant's manner of leaving may manifest consciousness of guilt."). Reasonable persons could accept the above evidence as sufficient to support a guilty verdict beyond a reasonable doubt.

**¶19** The court instructed the jury on the elements required by these statutes. *See* A.R.S. §§ 28-1381, 1382, 1383. The jury weighed the evidence presented to find that Kisemh drove a vehicle while impaired and with a blood alcohol concentration over 0.20 when she knew or should have known her license was suspended. Kisemh asks this Court to reweigh the evidence presented to the jury, which this Court will not do. *See State v. Lee*, 189 Ariz. 608, 615 (1997). Therefore, even though evidence contrary to the verdict exists, substantial evidence supports the jury verdicts.

## CONCLUSION

**¶20** The jury verdicts are supported by sufficient evidence and thus affirmed.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR