NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

*v.*

VICTOR LEONARD BLACKWELL,
*Appellant.*

No. 1 CA-CR 15-0375
FILED 6-30-2016

Appeal from the Superior Court in Maricopa County
No. CR 2014-131707-001 DT
The Honorable Christopher Coury, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Christopher V. Johns
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kenton D. Jones joined.

---

**O R O Z C O**, Judge:

¶1        Victor Leonard Blackwell (Defendant) appeals his convictions and sentences for one count of aggravated assault; a class six felony and domestic violence offense, and one count of criminal damage; a class two misdemeanor.  Pursuant to *Anders v. Cal.*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), Defendant's counsel has filed a brief indicating he searched the entire record and finding no arguable question of law, asks this court to review the record for fundamental error.  Defendant was given the opportunity to file a supplemental brief in propria persona, but has not done so.  Finding no error, we affirm.

## FACTS[1] AND PROCEDURAL HISTORY

¶2        Defendant and C.H. (Victim) were previously involved in a romantic relationship and had two children together.  In early July 2014, Victim and one of the children were living with A.R.  A.R. testified that she started to fear her life was in danger because of Victim's activities, so she "kicked" Victim and the child out of her apartment.  A.R. contacted Defendant, telling him that Victim had the child in an apartment with a man who had drugs and he should go get the child.

¶3        A.R. drove Defendant to the apartment of J.K., where they believed Victim was with the child. Defendant admitted to hitting J.K.'s apartment door.  The State introduced photographic evidence of damage to J.K.'s apartment door along with testimony that the repair costs totaled at least $200.

¶4        Witnesses testified that Defendant left the apartment complex, but returned to J.K.'s apartment later that same day.  Victim testified that when Defendant returned, he requested she hand over the child.  According to Victim, the interaction turned physical, and Defendant

---

[1]        We view the facts in the light most favorable to sustaining the trial court's verdict.  *State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011).

choked and punched her while she held the child. Victim further testified that she was unable to defend herself while she was holding the child. Defendant denied ever making physical contact with Victim. A jury found Defendant guilty of one count of aggravated assault and one count of criminal damage.

¶5        The trial court found that Defendant had two prior felony convictions; burglary in the second degree, a class three felony, and armed robbery, a class two felony. Defendant was sentenced to 3.75 years' incarceration for his aggravated assault conviction, with sixty-eight days' presentence incarceration credit. The trial court suspended imposition of sentence on Defendant's criminal damage conviction, ordering two years' supervised probation upon his release. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes (A.R.S.) sections 12-120.21.A.1, 13-4031, and -4033.A.1 (West 2016).[2] Finding no reversible error, we affirm.

## DISCUSSION

¶6        On appeal, we review for fundamental error and do not disturb the fact finder's decision if there is substantial evidence to sustain the verdict. *Anders*, 386 U.S. at 746; *State v. Stroud*, 209 Ariz. 410, 411, ¶ 6 (2005). We review the sufficiency of evidence "in the light most favorable to sustaining the conviction." *State v. Tison*, 129 Ariz. 546, 552 (1981). All reasonable inferences are resolved against Defendant. *Id.*

¶7        Defendant's conviction for aggravated assault required proof that he "intentionally, knowingly or recklessly" caused physical injury to another while the person's "capacity to resist is substantially impaired." *See* A.R.S. §§ 13-1203.A.1 and -1204.A.4. In support of this charge, the Victim testified that Defendant choked her while she was holding the child, and the State presented photographic evidence of Victim's injuries. This evidence was sufficient to support the jury's findings.

¶8        The jury also had to determine whether the aggravated assault was a domestic violence offense. A designation of a conviction as a domestic violence offense pursuant to A.R.S. § 13-3601.A.6 requires evidence "[t]he relationship between the victim and the defendant is currently or was previously a romantic or sexual relationship." Defendant

---

[2]        We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

and Victim admitted they had been in a romantic relationship at trial, and the jury found the aggravated assault to be a domestic violence offense.

**¶9** A conviction for criminal damage pursuant to A.R.S. § 13-1602 requires evidence that Defendant "recklessly defac[ed] or damage[ed] property of another person." A.R.S. § 13-1602.A.1. Criminal damage amounting to less than $250 is a class two misdemeanor. *See* A.R.S. § 13-1602.B.6. At trial, evidence was presented that Defendant damaged J.K.'s door, resulting in at least $200 in repairs. Based on the testimony and evidence presented at trial, sufficient evidence was presented to find Defendant guilty of criminal damage.

## CONCLUSION

**¶10** We have read and considered counsel's brief. We have carefully searched the entire record on appeal for reversible error and have found none. *See State v. Clark*, 196 Ariz. 530, 541, ¶ 49 (App. 1999). All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. We find substantial evidence supported the jury's guilty verdicts. Defendant was represented by counsel at all critical stages of the proceedings. At sentencing, Defendant and his counsel were given an opportunity to speak, and the court imposed a legal sentence. For the foregoing reasons, Defendant's convictions and the sentences imposed are affirmed.

**¶11** Counsel's obligations pertaining to Defendant's representation in this appeal have ended. *See State v. Shattuck*, 140 Ariz. 582, 584 (1984). Counsel need do nothing more than inform Defendant of the status of the appeal and his future options, unless Counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See id.* at 585. Defendant shall have thirty days from the date of this decision to proceed, if he so desires, with an in propria persona motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: AA