253 P.3d 286

STATE of Arizona, Appellee,

v.

William Charles **BARKER**, Appellant.

No. 1 CA–CR 09–0700.

Court of Appeals of Arizona,
Division 1, Department C.

April 21, 2011.

Thomas C. Horne, Arizona Attorney General By Kent E. Cattani, Chief Counsel, Criminal Appeals/Capital Litigation Section, Katia Mehu, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Law Offices of Paul J. Mattern By Paul J. Mattern, Phoenix, Attorneys for Appellant.

## OPINION

DOWNIE, Judge.

¶ 1 William Charles Barker appeals his conviction for resisting arrest. We affirm the conviction and hold that a police officer need not announce that a person is under arrest in order to "effect an arrest" within the meaning of Arizona's resisting arrest statute.

### FACTS AND PROCEDURAL HISTORY [1]

¶ 2 Officer Miller came upon Barker and a woman arguing loudly in the roadway. Barker told Officer Miller he got into an argument with the woman and threw a pair of sunglasses at her. Officer Miller detected alcohol on Barker's breath. The officer believed he had probable cause to arrest Barker for disorderly conduct. After Barker refused three times to turn around and be placed in handcuffs, Officer Miller reached out with one hand to get Barker to turn around, but Barker pulled away. Officer Miller then reached out with both hands and again told Barker to turn around so he could handcuff him; Barker broke free.

---

1. We view the facts in the light most favorable to affirming the jury's verdict. *State v. Carrasco,* 201 Ariz. 220, 221, ¶ 1, 33 P.3d 791, 792 (App. 2001).

¶ 3 Officer Morris arrived on the scene and saw that Barker appeared to be resisting arrest. He executed an "impact push," and all three men ended up on the ground. As Officer Miller tried to gain control of Barker's wrists, Officer Morris announced he was going to use a Taser on Barker. Officer Morris told Barker numerous times to lie down and put his hands behind his back or the Taser would be used. As Barker was walking toward his truck, Officer Morris shot his Taser. Barker turned around and grabbed the Taser wires, broke them, and ran at Officer Morris in a tackling position. When Barker had his arms wrapped around Officer Morris, Officer Miller grabbed Barker's arm, and all three men again fell to the ground. The two officers struggled with Barker until Officer Doughty arrived to help handcuff Barker.

¶ 4 Barker was charged with two counts of aggravated assault, both class 6 felonies, and one count of resisting arrest, a class 6 felony. After a two-day trial, the jury found Barker guilty of resisting arrest. The trial court placed Barker on probation for three years.

¶ 5 Barker filed a timely notice of appeal. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1), 13–4031, and 13–4033(A).

## DISCUSSION

¶ 6 A person commits the offense of resisting arrest by "intentionally preventing or attempting to prevent a person reasonably known to him to be a peace officer, acting under color of such peace officer's official authority, from effecting an arrest by ... [u]sing or threatening to use physical force against the peace officer or another." A.R.S. § 13–2508(A)(1), (2). Barker challenges only the element of "effecting an arrest," arguing he could not have resisted arrest because he was not placed under arrest. A reasonable jury could have concluded otherwise.

¶ 7 An arrest occurs when a person's "freedom of movement is curtailed." *State v. Cole,* 172 Ariz. 590, 591, 838 P.2d 1351, 1352 (App.1992) (citation omitted). "An arrest is made by an actual restraint of the person to be arrested, or by his submission to the custody of the person making the arrest." A.R.S. § 13–3881(A). Although an arrest may not be complete until a defendant is actually restrained, the resisting arrest statute is violated if a person prevents or attempts to prevent an officer from "effecting an arrest." *State v. Mitchell,* 204 Ariz. 216, 218, ¶ 12, 62 P.3d 616, 618 (App.2003).

¶ 8 "[E]ffecting an arrest" has been construed to mean "an on-going process toward achieving, producing, making, or bringing about, an arrest." *Id.* In *Mitchell,* we stated:

> "[E]ffecting an arrest" is a process with a beginning and an end. Often, the process is very brief and the arrest is quickly completed. In some situations, however, the process of "effecting" an arrest will occur over a period of time and may not be limited to an instantaneous event, such as handcuffing.

*Id.* at ¶ 13 (internal citations omitted); *see also State v. Bay,* 130 Ohio App.3d 772, 721 N.E.2d 421, 423 (1998) (An arrest "is 'not necessarily an instantaneous event,' but rather is a process beginning with the seizure of a person, which can encompass acts necessary to effect the formal charging of a crime." (internal citations omitted)).

¶ 9 The State presented evidence from which jurors could conclude that officers here were effecting an arrest. Barker emphasizes the failure to state he was under arrest and points out that Officer Miller initially intended only to detain him. The following colloquy occurred between Officer Miller and Barker at trial: [2]

Q. . . . . Can you explain why you never told me that I was under arrest?

. . . .

A. At that point in time I was going to detain you, until you started to pull away from me. And during the confrontation as in—because it all had escalated so fast, you immediately were going to be put under arrest.

¶ 10 Barker has cited no Arizona authority for the proposition that police officers must formally announce a person is "under

---

2. Barker represented himself at trial.

arrest" before he or she can be convicted of resisting arrest, and we are aware of none. Many jurisdictions have held that a formal declaration of arrest is not necessary to effect an arrest. *See United States v. Jones,* 129 F.3d 718, 721–22 (2d Cir.1997); *State v. Williams,* 237 S.C. 252, 116 S.E.2d 858, 860 (1960); *State v. Solis,* 38 Wash.App. 484, 685 P.2d 672, 674 (1984). We agree and hold that an individual need not be specifically advised he is under arrest in order to be guilty of resisting arrest.

¶ 11 Barker's reliance on *State v. Womack,* 174 Ariz. 108, 847 P.2d 609 (App.1992), is unavailing. In *Womack,* the defendant fled on a motorcycle from an officer attempting a traffic stop. 174 Ariz. at 110, 847 P.2d at 611. After a high speed chase over a number of miles, the defendant eventually pulled over and was taken into custody. *Id.* This Court concluded that defendant's mere flight, unaccompanied by physical contact with officers, did not constitute resisting arrest. *Id.* at 114, 847 P.2d at 615. In the case at bar, on the other hand, Barker exerted substantial and continuing physical force against officers.

¶ 12 In *California v. Hodari D.,* 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), the Court clarified when encounters between police officers and citizens rise to the level of an arrest. Two officers saw a group of youths gathered around a parked car. *Id.* at 622–23, 111 S.Ct. 1547. As the officers approached, the group scattered. *Id.* One individual, Hodari, fled the scene with a police officer giving chase. *Id.* Just before being tackled and handcuffed, Hodari tossed away a small item that was later determined to be crack cocaine. *Id.* The Court held that Hodari was seized at the moment he was tackled. *Id.* at 629, 111 S.Ct. 1547. It defined an arrest as requiring use of physical force *or* a submission to a show of authority. *Id.* at 626, 111 S.Ct. 1547. "To constitute an arrest, however—the quintessential 'seizure of the person' under our Fourth Amendment jurisprudence—the mere grasping or application of physical force with lawful authority, whether or not it succeeded in subduing the arrestee, was sufficient." *Id.* at 624, 111 S.Ct. 1547.

¶ 13 Officer Miller's initial plan to merely detain Barker for questioning did not preclude him and the other officers from deciding shortly thereafter to effect Barker's arrest. A reasonable jury could have found the officers' actions sufficient to establish the "effecting an arrest" prong of § 13–2508(A). Barker was grabbed, pushed over, wrestled with, and shot with a Taser by uniformed officers trying to handcuff him. Substantial evidence supports Barker's conviction.

## CONCLUSION

¶ 14 We affirm Barker's conviction and sentence.

CONCURRING: DANIEL A. BARKER, Presiding Judge and MICHAEL J. BROWN, Judge.