NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ANDREW BUZAN, *Appellant.*

No. 1 CA-CR 21-0174
FILED 3-1-2022

Appeal from the Superior Court in Yavapai County
No. P1300CR201901388
The Honorable Krista M. Carman, Judge

**AFFIRMED**

COUNSEL

Kenneth Countryman Attorney at Law, Tempe
By Kenneth Countryman
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Tanja K. Kelly
*Counsel for Appellee*

**MEMORANDUM DECISION**

Vice Chief Judge David B. Gass delivered the decision of the court, in which Presiding Judge Paul J. McMurdie and Judge Angela K. Paton joined.

**G A S S,** Vice Chief Judge:

¶1   Andrew Buzan appeals his conviction for resisting arrest. He argues sufficient evidence does not support his conviction, and the superior court erred by not responding "no" to a juror's question about the jury instructions. We affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2   A laundromat employee called the police to report a suspicious van parked outside the laundromat. She sought a police escort to her car next to the van. Officer S. and a back-up officer responded to the call and arrived to investigate the suspicious van. Officer S. aimed his flashlight inside the van and found Buzan, the registered vehicle owner, lying naked inside. Officer S. was wearing his police uniform. The uniform had multiple patches marked with "'police' in visible lettering."

¶3   Officer S. told Buzan to put on clothes and exit the van. Buzan put on clothes. He initially refused to exit the van, saying he was concerned for his safety, but then complied by exiting the van. Almost immediately, Buzan got back inside and "jumped into the driver's seat."

¶4   At that point, Officer S. told Buzan to come with him. Buzan asked if he was under arrest. Officer S. told Buzan he was not under arrest but also said he was not free to leave. Officer S. then again told Buzan to leave the van. Buzan disregarded the instruction and began digging through the center console. After telling Buzan to get out of the van several more times with no response, Officer S. decided "verbal commands were no longer effective" and pulled Buzan out using Buzan's left arm.

¶5   Officer S. then attempted to arrest Buzan. Officer S. and the employee testified Buzan physically resisted Officer S. at that point. Because the interaction occurred between the van and the employee's car, video footage of the event does not clearly show the physical interaction between Officer S. and Buzan until they step onto the sidewalk in front of

the store. At that point, Officer S. wrapped his arms around Buzan, picked him up, and slammed him to the ground.

¶6        After Officer S. took Buzan to the ground, the back-up officer assisted Officer S. in the arrest. Officer S. and the back-up officer testified Buzan flailed and kicked his legs while they pinned him to the ground. The officers also testified Buzan attempted to grab Officer S.'s face. Officer S. responded by hitting Buzan in the face with an elbow strike. Shortly after, the officers handcuffed Buzan and took him to the hospital for medical treatment.

¶7        The State charged Buzan with resisting arrest, aggravated assault, and criminal damage. The State also charged Buzan with criminal trespass and forgery but dismissed those counts before the trial. During deliberations, a juror asked if resisting arrest means "failing to comply with police orders?" Buzan's counsel urged the superior court to say "no[,]" and the State argued the jury instructions were sufficient. The judge referred the jury back to the instructions and to apply the "ordinary meaning of words and phrases." The jury found Buzan guilty of resisting arrest and acquitted Buzan of aggravated assault. The superior court acquitted Buzan of the criminal damage charge.

¶8        Buzan moved for acquittal under Rule 20(b) of the Arizona Rules of Criminal Procedure, arguing insufficient evidence supported his conviction for resisting arrest. Buzan also claimed it was improper for the superior court to refer the jury back to the jury instructions and not respond "no" to the juror's question concerning the meaning of resisting arrest. The superior court denied Buzan's motion and later sentenced him for resisting arrest. Buzan timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 13-4031 and 13-4033.A.1.

**ANALYSIS**

**I.        Sufficiency of the Evidence**

¶9        This court reviews *de novo* a superior court's decision on a motion for judgment of acquittal. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011) (citing *State v. Bible*, 175 Ariz. 549, 595 (1993)). When considering a Rule 20 motion, this court reviews "'the evidence in the light most favorable to the state, and all reasonable inferences are to be resolved against the defendant' to decide if a person could reasonably conclude the defendant is guilty beyond a reasonable doubt." *State v. Fischer*, 242 Ariz. 44, 49, ¶ 17 (2017) (quoting *State v. Clifton*, 134 Ariz. 345, 348 (App. 1982)).

¶10        A "[j]udgment of acquittal is appropriate when there is no substantial evidence." *State v. Hughes*, 189 Ariz. 62, 73 (1997). Substantial evidence exists when it provides proof "reasonable persons could accept as adequate . . . to support a conclusion of [a] defendant's guilt beyond a reasonable doubt." *State v. Bearup*, 221 Ariz. 163, 167, ¶ 16 (2009) (citation omitted). "If reasonable minds could differ as to whether the properly admitted evidence, and the inferences therefrom, prove all elements of the offense, a motion for acquittal should not be granted." *Bible*, 175 Ariz. at 595 (citing Ariz. R. Crim. P. 20(a)).

¶11        A defendant resists an arrest by: (1) intentionally preventing or attempting to prevent; (2) a person reasonably known to the defendant to be a peace officer acting under color of such authority; (3) from effecting an arrest; (4) by using or threatening to use physical force against the peace officer or another. *State v. Barker*, 227 Ariz. 89, 90, ¶ 6 (App. 2011) (citing A.R.S. § 13-2508.A.1).

¶12        Here, substantial evidence supported Buzan's conviction. First, upon making initial contact with Buzan, Officer S. identified himself as an officer and wore a uniform marked with "'police' in visible lettering." Second, Officer S. informed Buzan he was not free to leave when Buzan asked if he was under arrest. *See Barker*, 227 Ariz. at 90, ¶ 7 ("[a]n arrest occurs when a person's freedom of movement is curtailed") (citation and internal quotation marks omitted). Third, Officer S. testified Buzan resisted after he pulled Buzan from the van for not complying with orders to exit and for rifling through the van's center console. Fourth, at least two witnesses testified Buzan physically fought back, including taking "a couple swings" and "wrestling" while Officer S. was arresting Buzan outside of the video camera's view. *See State v. Sorkhabi*, 202 Ariz. 450, 451–52, ¶¶ 2–3 (App. 2002) (defendant threatened use of force to resist an arrest when he physically "struggled" with an officer while the officer was arresting him). Both officers also testified Buzan continued to physically resist the arrest after Officer S. took him to the ground. *See id.*

¶13        We recognize Officer S. gave a somewhat inconsistent response when Buzan asked if he was under arrest. Officer S. answered no, but also said Buzan was not free to leave. Buzan, however, has provided no authority to establish this inconsistency affects the analysis. Indeed, it does not. Whether or not an arrest has occurred depends on the objective evidence, not Buzan's subjective understanding. *See State v. Winegar*, 147 Ariz. 440, 448 (1985). Despite Officer S.'s somewhat inconsistent response, the jury could conclude Buzan was under arrest once Officer S. restricted Buzan's freedom of movement. *See Barker*, 227 Ariz. at 90, ¶ 7. Moreover,

after Officer S.'s inconsistent answer, Buzan ignored Officer S.'s multiple commands and physically resisted being removed from the van. Buzan then threatened and struggled with Officer S.

**¶14**        Accordingly, substantial evidence supports Buzan's conviction.

## II.        Response to Juror Question

**¶15**        Buzan argues the superior court abused its discretion by referring the jury back to its instructions and refusing to answer "no" when a juror asked if resisting arrest means "failing to comply with police orders." We disagree because the superior court adequately instructed the jury on resisting arrest.

**¶16**        This court reviews a superior court's response to a juror's question for an abuse of discretion but reviews *de novo* whether jury instructions adequately reflect the law. *State v. Ramirez*, 178 Ariz. 116, 126 (1994) (response to juror's question); *State v. Zaragoza*, 221 Ariz. 49, 53, ¶ 15 (2009) (adequacy of jury instructions). When the jury asks the superior court "about a matter on which it has received adequate instruction," the superior court does not abuse its discretion by "referr[ing] the jury back to the written instructions." *Ramirez*, 178 Ariz. at 126 (citation omitted). And the superior court does not abuse its discretion by refusing to answer a jury's question about the instructions unless they are either inadequate or erroneous. *Id.* (citing *Bollenbach v. United States*, 326 U.S. 607, 613 (1946); *United States v. Nunez*, 889 F.2d 1564, 1569 (6th Cir. 1989)). Jury instructions are adequate when they are "substantially free from error." *Zaragoza*, 221 Ariz. at 53, ¶ 15 (citation omitted).

**¶17**        Buzan does not dispute the adequacy of the jury instructions on resisting arrest. Buzan, nevertheless, contends the juror who asked the question "clear[ly] . . . confused the crime of Resisting Arrest with the crime of Failure to Comply with a Police Officer." But the superior court never instructed the jury on "the crime of Failure to Comply with a Police Officer." And the instructions, when interpreted under their plain and ordinary meaning, required something more than merely disobeying police orders, including "either the use or threat to use physical force or any other substantial risk of physical injury to either the peace officer or another."

**¶18**        Consistent with precedent, this court recently upheld virtually identical jury instructions. *See State v. Luviano*, ___ Ariz. ___, ___, ¶ 5, 499 P.3d 350, 354 (App. 2021); *see also State v. Cagle*, 228 Ariz. 374, 376, 377–78, ¶¶ 6, 11, 13 (App. 2011). Further, the resisting-arrest jury

instructions are almost identical to the statutory definition of resisting arrest. Here, the written instructions required proof of the following: (1) "[a] peace officer, acting under official authority, sought to arrest either the defendant or some other person"; (2) "[t]he defendant knew, or had reason to know, that the person seeking to make the arrest was a peace officer acting under color of such peace officer's official authority"; (3) "[t]he defendant intentionally prevented, or attempted to prevent, the peace officer from making the arrest"; and (4) "[t]he means used by the defendant to prevent the arrest involved either the use or threat to use physical force or any other substantial risk of physical injury to either the peace officer or another." Section 13-2508.A.1–2 provides:

> A person commits resisting arrest by intentionally preventing or attempting to prevent a person reasonably known to him to be a peace officer, acting under color of such peace officer's official authority, from effecting an arrest by: 1. Using or threatening to use physical force against the peace officer or another. 2. Using any other means creating a substantial risk of causing physical injury to the peace officer or another.

¶19　　　　Accordingly, the superior court did not err by referring the jury back to the jury instructions and refusing to answer "no" to the juror's question.

## CONCLUSION

¶20　　　　We affirm.



AMY M. WOOD • Clerk of the Court
FILED:　AA