NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ROBERT TERRELL GRAVES, *Appellant*.

No. 1 CA-CR 22-0508
FILED 8-15-2023

Appeal from the Superior Court in Maricopa County
No. CR2021-030730-001
The Honorable Ronee Korbin Steiner, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jesse Finn Turner
*Counsel for Appellant*

_____

## MEMORANDUM DECISION

Judge Andrew M. Jacobs delivered the decision of the Court, in which Chief Judge David B. Gass and Judge Brian Y. Furuya joined.

_____

**J A C O B S**, Judge:

¶1        Robert Terrell Graves (Defendant) appeals under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), from convictions and sentences arising from an interaction with peace officers. Though defense counsel emphasizes that this court should independently review the video evidence, counsel identifies no issues for appeal and requests that we search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Defendant was given the opportunity to file a *pro per* brief, but did not do so. Our review of the record, including the video evidence, reveals no arguable issues. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *Clark*, 196 Ariz. at 537, ¶ 30. We thus affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Defendant was charged with two varieties of aggravated assault of a peace officer—one based on the infliction of physical injury on the officer (Count 1), and one based on the knowing touching of the officer with the intent to injure, insult, or provoke him (Count 2). He was also charged with resisting arrest (Count 3) and false reporting to law enforcement (Count 4). Defendant pled not guilty, and the case proceeded to a jury trial on the felony offenses and a bench trial on the misdemeanor Count 4.

¶3        At trial, the state presented evidence of the following facts. On the afternoon of September 24, 2021, a security guard approached Defendant as he attempted to enter a store at a Scottsdale shopping plaza. The two then began to argue outside the doorway, catching the attention of a uniformed Scottsdale Police Officer, who was taking a break at a neighboring beat office.

¶4        The Officer exited the beat office and directed Defendant to sit in a nearby chair. Defendant complied. The Officer then asked Defendant what he was doing there, and Defendant responded that the

Officer was perpetrating fraud and that it was a federal offense. Defendant then rose from the chair. The Officer again asked Defendant to sit, but Defendant did not do so. Instead, Defendant stepped close to the Officer, gesticulating aggressively with his hands, extending his chest, and yelling, "No, you sit down!" and "What you gonna do?" The Officer shoved Defendant, and the two engaged in a physical fight. During the fight, Defendant hit the Officer's ear with his hand, causing a cut with his fingernail. Defendant then flailed and kicked as the Officer and the security guard, who had joined in the altercation, worked to get Defendant's hands behind his back. The two eventually were able to subdue and handcuff Defendant, with the Officer sustaining multiple abrasions, a sprained wrist, and a torn rotator cuff in addition to the cut on his ear.

¶5        Other officers arrived on the scene and asked Defendant for identifying information. Defendant responded that his first and last names were both "Buddha," and he denied having a Social Security number.

¶6        At the close of the state's case, Defendant unsuccessfully moved for a judgment of acquittal under Arizona Rule of Criminal Procedure 20. Defendant elected not to testify, and he presented no evidence.

¶7        The court found Defendant guilty of false reporting, and the jury found Defendant guilty of all other counts. A trial on priors followed, at which the court found that Defendant had five historical prior felony convictions. The court then entered judgment on the verdicts and sentenced Defendant to presumptive concurrent prison terms of 10 years for Count 1, 5 years for Count 2, and 3.75 years for Count 3, with credit for 406 days of presentence incarceration and a terminal-disposition 6-month jail sentence for Count 4.

¶8        Defendant timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12–120.21(A)(1), 13–4031, –4033(A)(1).

## DISCUSSION

¶9        We find no reversible error. The record reflects that Defendant, who was represented at all stages, was afforded all constitutional and statutory rights and that the proceedings were conducted in accordance with the applicable procedural rules.

¶10       The verdicts were justified. For the aggravated assault charged in Count 1, the state was required to prove that Defendant,

knowing or having reason to know that the Officer was a peace officer, intentionally, knowingly, or recklessly caused any physical injury to him. A.R.S. §§ 13-1203(A)(1), -1204(A)(8)(a). For the aggravated assault charged in Count 2, the state was required to prove that Defendant, knowing or having reason to know that the Officer was a peace officer, knowingly touched the Officer with the intent to injure, insult, or provoke him. A.R.S. §§ 13-1203(A)(3), -1204(A)(8)(a). Sufficient evidence supported Defendant's convictions on both counts. Evidence showed that Defendant fought the uniformed Officer, touching him with the intent to injure him and achieving that goal. We note that though the facts supporting the two forms of assault happen to converge in this record, the offenses are legally distinct. *See In re Jeremiah T.*, 212 Ariz. 30, 33–34, ¶¶ 10–13 (App. 2006). We further note that though the Officer made the first physical contact, Defendant never requested a self-defense instruction. Moreover, A.R.S. § 13-404(B)(2), (3), recognizes that a defendant is not justified in using physical force against a peace officer if he provoked the peace officer's use of unlawful physical force, or if he resisted a lawful or unlawful arrest that he reasonably knew was being made by a peace officer not exerting legally excessive force. Evidence showed that Defendant provoked the Officer's action by rising, refusing an order to sit, and advancing aggressively. Evidence further showed that Defendant fought as the Officer sought to subdue him.

¶11        For the resisting arrest charged in Count 3, the state was required to prove that Defendant, reasonably knowing that the Officer was a peace officer acting under color of official authority, intentionally attempted to prevent him from effecting an arrest by using physical force against him. A.R.S. § 13-2508(A)(1). The effectuation of an arrest is the on-going process of achieving an arrest, and there is no requirement that an officer make a formal declaration of arrest. *State v. Barker*, 227 Ariz. 89, 90–91, ¶¶ 8, 10 (App. 2011). Even minor scuffling may constitute unlawful resistance. *State v. Lee*, 217 Ariz. 514, 517, ¶ 12 (App. 2008). Here, the evidence that Defendant flailed and fought as the Officer tried to restrain and handcuff him was sufficient to support the conviction.

¶12        For the false reporting charged in Count 4, the state was required to prove that Defendant knowingly made a false, fraudulent, or unfounded report or statement to a law enforcement agency, or knowingly misrepresented a fact for the purpose of interfering with the orderly operation of a law enforcement agency or misleading a peace officer. A.R.S. § 13-2907.01(A). Evidence showed that Defendant gave police officers a false name and denied having a Social Security number. That was sufficient to support the conviction.

**¶13**         The court entered lawful sentences on all counts.  Count 1 was a class 4 felony under A.R.S. § 13-1204(F).  Count 2 was a class 5 felony under § 13-1204(F).  Count 3 was a class 6 felony under § 13-2508(B).  Count 4 was a class 1 misdemeanor under § 13-2907.01(B).  The state presented sufficient evidence to show that Defendant had five historical prior felony convictions under § 13-105(22)(c) and (d), making him a category three repetitive offender under § 13-703(C). The court imposed proper presumptive sentences on the felony convictions under § 13-703(J), and a proper sentence on the misdemeanor conviction under § 13-707(A)(1).  The court also properly credited Defendant's presentence incarceration under § 13-712(B).

## CONCLUSION

**¶14**         We affirm Defendant's convictions and sentences.

**¶15**         Defense counsel's obligations pertaining to this appeal have come to an end.  *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).  Unless upon review counsel discovers an issue appropriate for a petition for review to the Arizona Supreme Court, counsel must only inform Defendant of the status of this appeal and his future options.  *Id.*  Defendant has 30 days from the date of this decision to file a petition for review *in propria persona*.  *See* Ariz. R. Crim. P. 31.21(b)(2)(A).  On the court's own motion, Defendant has 30 days from the date of this decision to file a motion for reconsideration.  *See* Ariz. R. Crim. P. 31.20(c).  A timely motion for reconsideration will extend the deadline to file a petition for review.  *See* Ariz. R. Crim. P. 31.21(b)(2)(A).



AMY M. WOOD • Clerk of the Court
FILED:    AA