NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JESSE G. ROCHA, *Appellant.*

No. 1 CA-CR 24-0444
FILED 11-20-2025

Appeal from the Superior Court in Maricopa County
No. CR2022-149061-001
The Honorable Jeffrey A. Rueter, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Law Offices of Michael J. Dew, Phoenix
By Michael J. Dew
*Counsel for Appellant*

Jesse Garcia Rocha, Buckeye
*Appellant*

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Kent E. Cattani joined.

**T H U M M A**, Judge:

**¶1**        This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant Jesse Rocha has advised the court that, after searching the entire record, he has found no arguable question of law and asks this court to conduct an *Anders* review of the record. Rocha was given the opportunity to file a self-represented supplemental brief, and has done so. This court has reviewed the record, which reveals no reversible error. Accordingly, Rocha's conviction and resulting sentence are affirmed.

### FACTS AND PROCEDURAL HISTORY

**¶2**        A jury found Rocha guilty of theft, a Class 3 felony, for stealing a variety of items in late 2022 from a Mesa Safeway. The jury also found the value of the stolen property was between $4,000 and $25,000. Ariz. Rev. Stat. (A.R.S.) § 13-1802(A)(1), (G) (2025).[1] After considering the evidence provided, the court found Rocha had nine prior felony convictions, making him a Category 3 repetitive offender. *See* A.R.S. § 13-703.

**¶3**        At sentencing, after considering both mitigating and aggravating evidence and argument, the court sentenced Rocha to a mitigated seven and one-half year prison sentence, awarding him 62 days' of presentence incarceration credit. The court also ordered Rocha to pay $4,067.09 in restitution and imposed other financial obligations.

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶4        This court has jurisdiction over Rocha's timely appeal under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031 and 13-4033(A)(1).

## DISCUSSION

¶5        The record shows that Rocha was represented by counsel at all stages of the proceedings and that counsel was present at all critical stages. The record contains substantial evidence supporting the verdict. The sentence imposed was within statutory limits, and the presentence incarceration credit was appropriate. In all other respects, from the record presented, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.

¶6        In his supplemental brief, Rocha argues the State failed to present sufficient evidence to sustain the conviction, asserting: (1) no evidence corroborates that Rocha confessed guilt; (2) no evidence supports "any type of crime relating to those items [found in his] home;" (3) there is reasonable doubt as to the value of the items stolen and (4) that Exhibit 5 was hearsay and should not have been admitted at trial. The court addresses these arguments in turn.

¶7        In asserting "there is no evidence to corroborate" that he confessed guilt, Rocha argues that no other evidence corroborates a detective's testimony that Rocha confessed to taking the items. Rocha provides no authority for a corroboration requirement, nor does he show that the detective's testimony was false. It is within the province of the jury to determine the credibility and weight of the evidence presented. *State v. Clark*, 249 Ariz. 528, 536 ¶ 26 (App. 2020) ("it is not our role to judge witness credibility or weigh the evidence; that is the role of the jury"). A reasonable jury could find, after hearing the detective's testimony, that Rocha admitted to stealing the merchandise.

¶8        Next, Rocha argues there is "no evidence supporting any type of crime relating to" the merchandise found during the search of his home. The Safeway witness, who was a loss prevention officer, testified that Rocha was seen taking merchandise from the Safeway several times during a one-month period. The detective testified that, during a search of Rocha's home, officers found merchandise Rocha was seen taking from the Safeway. And the Safeway witness testified that the recovered merchandise matched products shipped to Safeway that were not purchased from the store. From this evidence, a jury could reasonably conclude that the property recovered from Rocha's home was stolen from Safeway.

**¶9**        Rocha next argues there was reasonable doubt regarding the value of the items stolen. The Safeway witness testified about how he valued the stolen items. Rocha challenged that valuation on cross-examination. The jury, however, expressly found that the value of the stolen items was between $4,000 and $25,000. Based on the trial evidence, Rocha has not shown that the jury lacked sufficient evidence to make that finding.

**¶10**        Finally, Rocha argues that Exhibit 5 was hearsay and should not have been admitted in evidence. As applicable here, the superior court's rulings admitting evidence is reviewed for an abuse of discretion. *Cruz v. Blair*, 255 Ariz. 335, 340 ¶ 13 (2023) (citing cases). Exhibit 5 is the Safeway witness' report documenting the items taken by Rocha, including their description, prices and dates stolen. Rocha suggests that Exhibit 5 constituted something beyond the "regular practice" of the Safeway witness and was "above and beyond the norm" of his usual report. In admitting Exhibit 5, the superior court found it was part of a regular practice by the Safeway witness when a large-scale theft takes place. Accordingly, and given the foundation provided by the Safeway witness, Rocha has not shown the court erred in admitting Exhibit 5 as a business record. *See* Ariz. R. Evid. 803(6).

**¶11**        On the evidence presented, the jury could reasonably have found Rocha guilty of theft of property valued at more than $4,000 but less than $25,000. Thus, Rocha has failed to show that there is insufficient evidence to sustain his conviction. *See State v. Stroud*, 209 Ariz. 410, 411-12 ¶ 6 (2005).

## CONCLUSION

**¶12**        This court has read and considered counsel's brief and Rocha's self-represented supplemental brief and has searched the record provided for reversible error and has found none. *See Leon*, 104 Ariz. at 300; *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Accordingly, Rocha's conviction and resulting sentence is affirmed.

**¶13** Upon the filing of this decision, defense counsel shall inform Rocha of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Rocha has 30 days from the date of this decision to proceed, if he desires, with a self-represented motion for reconsideration or petition for review.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JT